## NATIONAL LABOR RELATIONS BOARD v. BONITA FRUIT CO., Inc., et al.

### No. 11596.

Circuit Court of Appeals, Fifth Circuit.

Jan. 10, 1947.

Rehearing Denied Jan. 31, 1947.

Helen F. Humphrey, Regional Atty., National Labor Relations Board, of Philadelphia, Pa., David A. Morse, General Counsel, National Labor Relations Board, and A. Norman Somers, Asst. General Counsel, National Labor Relations Board, both of Washington, D. C., for petitioner.

Scott Toothaker, of Mission, Tex., Charles Janvier, Arthur A. Moreno, and Selim B. Lemle, all of New Orleans, La., for respondents.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

This petition seeks enforcement of an order issued by the National Labor Relations Board against Bonita Fruit Company and F. H. Vahlsing, Inc., requiring both to cease and desist from discouraging membership by their employees in a named labor union by discrimination against its members in hiring and terms of employment, and from interference or coercion of their employees in self-organization and collective bargaining; and to reinstate 14 named individuals to their former employment and make them whole for lost wages; and to post a notice of compliance signed by both companies. Enforcement is resisted by Bonita in toto, and in a separate answer by Vahlsing, Inc.

After reviewing the evidence we find that the order is supported as to Bonita; but that the facts found do not support it as to Vahlsing, Inc. A fact finding as to restraint and coercion prior to September, 1944, is: "Plant Foreman Cecil Ferguson was responsible for the various acts of interference, restraint and coercion set forth in this Section." Likewise he alone was concerned in the discriminatory refusals to hire found to have occurred in October, 1944. He was in the employ of Vahlsing, Inc., during the period of restraint and coercion in organizing the union, being

plant foreman at the Westlaco plant where citrus fruit was handled, the season being from Oct. 1st to about April 20th each year. Vahlsing, Inc., had two other packing plants at other points in Texas where onions and other vegetables were handled, its office being at one of the latter. No official or stockholder of this company is shown to have manifested by word or deed any hostility to the union at either plant, or to have known of Ferguson's attitude or acts. The stock of Vahlsing, Inc., was owned by two persons. They chartered Bonita on Aug. 29, 1944, with a capital of $100,000, taking stock in the same proportions as in Vahlsing, Inc. In September, 1944, the new corporation was organized and officers and directors chosen, none of whom were officers or directors of Vahlsing, Inc. A non-stockholder named Ewing, who was a grower of citrus fruit in the neighborhood, was chosen President and put in charge. The new company bought of Vahlsing, Inc., the Westlaco packing plant and its supplies. The President hired Ferguson to be plant foreman, and operations began Oct. 1, 1944. Ferguson hired the help, and refused to hire 14 who had worked under him the previous season and were union members, because of their union status, as the Board found. In this no participation by officers of either corporation is shown.

It is plain that Ferguson was hostile to the union; and that each corporation was responsible for what he said or did while employed by it. But Vahlsing, Inc., had no authority over or responsibility for Ferguson after he left its employ and made a new and different contract with Ewing as President of Bonita, Ewing having no interest or authority in Vahlsing, Inc. The Board declined to find that the organization of Bonita was a mere trick to evade the law. It was a substantial corporation lawfully organized with different and independent officers, plant and business, and with its own assets and liabilities. That it was owned by the same stockholders as Vahlsing, Inc., does not make them identical legal persons in labor law any more than in other law. Vahlsing, Inc., is not responsible for the discrimination in October, 1944; nor can it reinstate the 14

employees; or be called on to make them whole. The joint order is not enforcible against it.

It is not our province to make a new order as to Vahlsing, Inc., based on what Ferguson did before he left its employ. Since Ferguson and the Westlaco plant and the former employees in it are all gone, and since no trouble is shown at any other Vahlsing plant and no misdoing by any supervisory official except Ferguson, there seems now no need of a cease and desist order or its enforcement as to this corporation.

A decree may be presented for enforcement of the order against Bonita Fruit Company, Inc., only.