## NATIONAL LABOR RELATIONS BOARD v. WHITTENBERG et al.

### No. 12021.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1947.

T. Lowry Whittaker, Chief Law Officer, 10th Region, of Atlanta, Ga., and A. Norman Somers, Associate Gen. Counsel, National Labor Relations Board, of Washington, D. C., for petitioner.

Scott Toothaker, of Mission, Tex., for respondents.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

LEE, Circuit Judge.

This case is before the court on petition of the National Labor Relations Board for enforcement of its order issued against respondent on April 2, 1946. On March 10, 1945, the Board, upon charges filed by Local 35, Texas Fruit and Vegetable Workers Union, issued its complaint against respondent, alleging that it was engaged in various unfair labor practices in violation of the National Labor Relations Act.[1] Thereafter, in March, 1945, the Board held a hearing on the complaint where all parties were represented by counsel. Following the conclusion of the hearing, the stenographic notes taken by the official reporter at the hearing and the exhibits introduced in evidence were either lost by or stolen from the reporter. As a consequence, the trial examiner who presided at the hearing was unable to issue an intermediate report. After diligent but fruitless search had been made for the missing notes and exhibits, the Board's chief trial examiner issued an order directing that the hearing be reopened for the purpose of conducting a further hearing upon the issues framed by the complaint and other pleadings. On April 27, 1945, pursuant to notice, a hearing de novo was held on the matter in issue in the instant proceedings. All parties were represented at the hearing, participated in it, and were afforded full opportunity to be heard. The trial examiner then issued his intermediate report, and thereafter the Board issued its decision and order, adopting with slight modifications the intermediate report. The order is based on findings that respondent, in violation of sections 158(1) and (3) of the National Labor Relations Act,[2] discriminatorily discharged employee Harvey Anderson because of his union activity and interrogated employees as to their union membership, warned them against joining the union and threatened to discharge them if they did so. The order requires respondent to cease and desist from its unfair labor practices, to offer Anderson reinstatement to his former, or equal, position, with back pay, and to post appropriate notices.

On this appeal the Board argues two points: (1) The Board's findings that respondent has engaged in unfair labor practices within the meaning of sections 158(1) and 158(3) of the National Labor Relations Act are supported by substantial evidence; and (2) the proceedings before the Board were regular and proper.

In its brief respondent argues (1) that the Board's petition for enforcement of its order constitutes a complaint within the meaning of the Labor Management Relations Act of 1947, supra, (Taft-Hartley), and that since the union has not complied with the provisions of that act, section 9(f), (g), and (h), the Board is precluded from proceeding with enforcement of its order; (2) that the Board has no jurisdiction since the second amended charge was not signed or sworn to as required by the regulations of the Board; (3) that the trial examiner exceeded his authority when he allowed a hearing de novo; (4) that the appearance of Charles J. Meske in any capacity was a violation of the Board's regulations; and (5) that the Board's findings of fact were not supported by the evidence.

As to the first jurisdictional point raised by respondent, the Taft-Hartley Act has no application to this case. The changes or amendments made by sections 9(f), (g), and (h) of that act are procedural changes which, according to the well-established rule, are applicable to pending cases only to the extent that the procedural steps dealt with have not yet been taken. Dunlap v. United States, D.C., 43 F.2d 999; Rule 86, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Bowles v. Strickland, 5 Cir., 151 F.2d 419. The case at bar is an unfair-labor-practice proceeding with respect to which sections 9(f), (g), and (h), require compliance only as a condition precedent to the issuance of a complaint. The issuance of the complaint in this case is a procedural step which was taken on March 10, 1945, more than two

---

[1] 29 U.S.C.A. § 151 et seq. The National Labor Relations Act was amended by the Labor Management Relations Act of 1947, Pub.L. 101, 80th Cong., 1st Sess., c. 120, 29 U.S.C.A. § 141 et seq.

[2] The relevant sections of the original act here involved are included in Section 8 (a) (1) and (3) of the amended act.

years before the amendments in question were enacted, and it is therefore governed by the law in effect at the time it was taken. Respondent argues, however, that this petition for enforcement is the equivalent of a complaint. If so, of course, the new law would require compliance by the union with sections 9(f), (g), and (h). But the petition for enforcement is merely an application to this Court to give effect by its decree to an order of the Board which became final long prior to the passage of the Taft-Hartley Act; it is not a complaint within the meaning of the invoked sections. Respondent's point is without merit.

■ Respondent's second challenge to the jurisdiction of the Board on the ground that the second amended charge was not signed or sworn to as required by the rules and regulations of the Board is also without merit. There is general agreement that the original charge was in proper form and that the charge here objected to is a typewritten copy lacking only the written signatures of the union representative and the Notary Public before whom the lost original was sworn to and subscribed. In view of the circumstances of the case, we think respondent's objection is frivolous.

■ As to the proceedings, respondent urges that the first hearing held in the case constituted a bar to a hearing de novo on all the issues, because, they say, a hearing de novo is not a reopening within the meaning of the regulations. The Board claims that its action in reopening the proceedings was a proper exercise of its wide discretionary powers. We agree with the Board. "The Board has the power to fashion its procedure to achieve the Act's purpose to protect employees from unfair labor practices." Wallace Corp. v. N. L. R. B., 323 U.S. 248, at page 253, 65 S.Ct. 238, at page 241, 89 L.Ed. 216. Respondents were accorded a full and adequate hearing so that if no detriment or other disadvantage is claimed to have ensued from it, the Board's procedure is not one calling for a reversal of the order. N. L. R. B. v. Mackay Radio & Telegraph Co., 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381. Respondents do claim "detriment or other disadvantage" in that as a result of the loss of the notes taken and exhibits offered at the first hearing, they were forced to go to the trouble and expense of amassing their material and evidence for the second one. But this is not the kind of detriment against which adversary parties are protected. It is not an invasion of substantive rights in the sense of "double jeopardy." It is a mere procedural inconvenience.

■ Article VIII, section 1, of the Board's rules and regulations provides: "No person who has been an employee of the Board and attached to any of its regional offices shall engage in practice before the Board or its agents in any respect or in any capacity in connection with any case or proceeding which was pending in any regional office to which he was attached during the time of his employment with the Board." One Meske gave testimony at the hearing in support of the allegations in the Board's complaint that the union was a labor organization within the meaning of the act, and he also appeared throughout the proceedings as a representative of the union. Meske had been employed by the Board as a general examiner in its Sixteenth Regional Office during part of the time that the union charges against respondent were pending. He left the Board's employ prior to the issuance of the complaint based upon those charges, and at the time of the hearing he was an international representative of the union's parent organization. At the close of the hearing respondent moved on the basis of the Board's rules and regulations to expunge Meske's appearance from the record. The trial examiner denied the motion but the Board subsequently granted it. Respondent makes no claim that it has been prejudiced either by Meske's appearance, which has been expunged, or by his testimony, which has not. It insists, however, that it has not had its day in court while such irregularities are permitted to stand. Respondent is captious, especially in the light of the circumstance that it knew the facts at the very commencement of the proceedings and waited until the close of the hearing to make an objection. It is elementary that a party will not be heard to complain of mere irregularities to which

he by his silence has consented and from which he has suffered no harm.

■ On the merits, the outcome of the case depends upon whether or not the Board's findings of fact are supported by the evidence. On reviewing the record, we think they are. This being so, we must affirm. Our reaction to the case is summed up in the concurring opinion of Mr. Reilly, one of the Board members, in which he says: "In my judgment the Board's case stands or falls upon the credence to be placed on Anderson's testimony. This testimony was contradicted at almost every material point by other witnesses in the case. The trial examiner, however, had an opportunity to observe his demeanor and the demeanor of the impeaching witnesses, and therefore was in a better position to distinguish which testimony was true and which was false. There is nothing in the record to indicate a bias toward one contestant or another. Although another trial examiner might have reached a different conclusion in this case, there is nothing in the record before us to justify a reversal of the findings of the trial examiner."

The petition to enforce the order is granted.