## NATIONAL LABOR RELATIONS BOARD v. BROZEN.

### No. 31, Docket 20653.

Circuit Court of Appeals, Second Circuit.

Feb. 27, 1948.

---

[1] § 31, Title 35 U.S.C.A.

[2] 2 Cir., 159 F.2d 379, 382.

Gerhard P. Van Arkel, Gen. Counsel, Morris P. Glushien, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Marcel Mallet-Prevost, William T. Little, Mozart G. Ratner, and Jerome I. Macht, all of Washington, D. C., Attys., for petitioner.

Newman & Bisco, of New York City (Martin I. Rose and Nathan Waxman, both of New York City, of counsel), for respondent.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

■ The Board made findings that the respondent has engaged in unfair labor practices within the meaning of section 8(1) and (5) of the Act, 29 U.S.C.A. § 158; its order directs the respondent to cease and desist therefrom and affirmatively, upon request, to bargain collectively with Wholesale & Warehouse Workers Union, Local 65, C. I. O. The respondent contends that the Board's findings are not supported by substantial evidence and, in any event, that the order to bargain with the union is not enforceable under the provisions of the Labor Management Relations Act, 1947, Public Law 101, 80th Congress, June 23, 1947, 29 U.S.C.A. § 141 et seq. There is ample evidence to support the Board's findings. Following an election Local 65 was certified on April 28, 1943 as the collective bargaining representative of the respondent's employees. He refused to bargain with the union on September 22 and October 8, 1943. The fact that thereafter most of its members withdrew from the union does not preclude the Board from ordering the employer to bargain with it. Franks Bros. Co. v. National Labor Relations Board, 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020.

■ Passing to the respondent's argument based on the Labor Management Relations Act, we think it clear that the amendment of section 10(b) of the National Labor Relations Act to provide that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board" is not to be applied retroactively. See National Labor Relations Board v. Sandy Hill Iron & Brass Works, 2 Cir., 1947, 165 F.2d 660. However, since enforcement by the court of the order to bargain looks to the future, the policy evidenced by sections 9(f), (g) and (h) precludes enforcement unless the union shall comply with the requirements of those sections. The Board concedes this to be true and requests the court to modify section 1(a) and 2(a) of the Board's order to provide that those provisions shall be effective only if the union shall comply with sections 9(f), (g) and (h) of the National Labor Relations Act, as amended by the Labor Management Relations Act within 30 days after entry of the court's order. Accordingly the order of the Board

814

is so modified. An order of enforcement will be entered upon proof being submitted to the court of compliance with the aforesaid sections.