ATLANTA METALLIC CASKET CO. v. UNITED PAPERWORKERS OF AMERICA, C.I.O.

No. 3704.

United States District Court
N. D. Georgia, Atlanta Division.

Dec. 27, 1949.

---

Smith, Klipatrick, Cody, Rogers & McClatchey, Atlanta, Ga., for plaintiff.

Warren E. Hall, Jr., Atlanta, Ga., Jerome A. Cooper, Birmingham, Ala., for defendant.

A. Norman Somers, Washington, D. C., T. Lowry Whittaker, Atlanta, Ga., for intervenor.

HOOPER, District Judge.

Atlanta Metallic Casket Company, plaintiff, filed this complaint against United Paperworkers of America (C.I.O.), hereafter referred to as defendant union, for a declaratory judgment and injunction. Plaintiff in his brief concedes that the complaint does not authorize injunctive relief. The only question left therefore, is whether the plaintiff is entitled to declaratory judgment.

The complaint alleges in part as follows:

Prior to January 28, 1949 plaintiff's employees were not represented by a labor union for collective bargaining and on that date plaintiff received from United Steel Workers of America (C.I.O.) a claim that it represented a majority of the same, calling on plaintiff to bargain with it. On March 9, 1949 defendant United Paperworkers of America filed a petition with the Board for certification, and a hearing was held April 18th, at which plaintiff appeared. It is alleged no evidence was introduced to show that petitioning union had complied with Section 9(f, g and h) of the National Labor Relations Act as amended by Labor Management Relations Act of 1947, 29 U.S.C.A. § 159(f–h), which required filing of certain reports and non-communist affidavits, and no evidence was introduced that petitioning union represented a single employee of plaintiff. At the conclusion of the testimony counsel for plaintiff made a motion to dismiss the petition for lack of proof of filing the aforesaid papers. The Board reserved ruling on the hearing. That plaintiff on May 5th filed written motion to dismiss the petition with the Labor Board on the same grounds, but that on May 24th the Board ordered an election without passing on the aforesaid motions; the election was held June 21st and the Board certified that a majority of the votes had been cast for defendant union. Plaintiff charges that said union had filed its petition for certification merely because said United Steel Workers of America (C.I.O.), hereafter referred to as United Steel Workers, had not complied with Section 9(f, g and h) and therefore, could not petition for an election, charging that if defendant union was recognized, in reality the United Steel Workers would be the bargaining agent. On June 24th plaintiff filed with the Regional Director objections to the conduct of an election upon substantially the same grounds named above, which objections the Regional Director overruled on August 3rd. On August 6th plaintiff filed with the Board in Washington its exceptions to the report of the Director but on August 29th the Board issued its supplemental decision, and the certification of representatives. Plaintiff filed with the Board motion to reconsider the foregoing order of certification, which was overruled.

Plaintiff contends the defendant union was illegally certified in that the Board had no jurisdiction because of the union's

failure to comply with Section 9(f, g and h) of the Labor Management Relations Act and on account of other grounds above mentioned, and contends that "to require plaintiff to bargain with defendant on the basis of the aforesaid void order of the National Labor Relations Board will deprive plaintiff of its property without due process of law." Plaintiff alleges that "the only way under the machinery set up by the National Labor Relations Act [29 U.S.C.A. § 151 et seq.], for it to test the validity of the purported election and certification is by resisting an unfair labor practice charge based on a refusal to bargain. Plaintiff alleges that such remedy is not an adequate remedy, and that it should not be forced to act at its peril by refusing to bargain with defendant and undergoing a probable strike followed by a lengthy unfair labor practice case." Plaintiff prayed that the certification be held null and void for reasons above mentioned and for injunction against a strike by defendant union, the latter prayer having been withdrawn by plaintiff as aforesaid.

The National Labor Relations Board intervened in the case and filed a motion to dismiss upon various grounds, Ground One being that "the Court is without jurisdiction of the subject matter of the action, in that this is an attempt to obtain review of a Board certification of the bargaining representative of plaintiff's employees, issued in a representation proceeding arising under Section 9(c) of the National Labor Relations Act, As Amended by Labor Management Relations Act, 1947, 61 Stat. 136, 29 U.S.C.A. § 141 et seq; hereafter called 'the Act'. A Board certification in a representation proceeding under Section 9 of the Act is not reviewable by any Court until and unless, in an unfair labor practice proceeding under Section 10 of the Act, it has become the basis for a final decision and order issued by the Board under Section 10(c) of the Act, finding that an unfair labor practice has been committed or is being committed, and requiring the respondent to cease and desist from such unfair labor practice. At that stage, the certification in the Section 9(c) rep-

resentation proceeding would, as prescribed in Section 9(d), become reviewable, but only in connection with a proceeding in the appropriate United States Court of Appeals under Section 10(e) of the Act to enforce, or under Section 10(f) of the Act to review and set aside, the final order issued by the Board under Section 10(c). The procedure above described, and the respective jurisdictions conferred thereunder, are exclusive, and there is no jurisdiction in any Court to review the Board determinations except as prescribed by the Act."

The defendant union also filed a motion to dismiss, Ground Four of its motion being in substance the same as Ground One of the Board's motion. While many other grounds are urged by defendant union and intervenor, plaintiff's petition (now seeking only a declaratory judgment,) is being dismissed upon the grounds as above stated and for reasons set forth.

Counsel for plaintiff contends that the filing of this affidavit is jurisdictional and in the absence thereof the Board is proceeding illegally. The importance of enforcing this requirement as to filing what is known as the Non-Communist Affidavit is not to be minimized. See National Maritime Union of America v. Herzog, D.C. D.C.1948, 78 F.Supp. 146; National Labor Relations Board v. Brozen, 2 Cir., 166 F. 2d 812; Fay v. Douds, D.C.1948, 78 F. Supp. 703, affirmed 2 Cir., 172 F.2d 720.

However, even assuming that the Board issued its certification unlawfully and even without sufficient jurisdictional facts appearing, it does not follow that a bill for declaratory judgment will lie in a District Court to ascertain that fact.

The certification of defendant union by the Board does not have to be recognized by the plaintiff employer in this case unless and until charges of unfair labor practice based upon its refusal should be filed against it and upheld by the Circuit Court of Appeals, as provided by law. Obviously the plaintiff employer will, pending such charges and review by the courts, be in a state of uncertainty but that is a condition under which all employers suffer pending final determination of the unit for

collective bargaining. Any cases holding that a District Court may intervene by injunction and otherwise to halt proceedings by such an administrative agency are cases in which some property right such as a labor contract, or other rights, are involved. Fay v. Douds, 2 Cir., 172 F.2d 720(1, 2). But here there is no labor contract and petitioner's only complaint is that the Board proceeded without proper jurisdiction to its ultimate certification of defendant union.

It has been ruled that a certification by the Board must be reviewed by the courts only in connection with a petition by the Board for enforcement and that same ruling would prevent maintaining of a bill for declaratory judgment in a District Court seeking the same end.

In the case of American Federation of Labor et al. v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L. Ed. 347, the administrative procedure under the National Labor Relations Act (Wagner Act), 29 U.S.C.A. § 151 et seq., was fully discussed. In regard to the question now involved the provisions of the successor act, namely National Labor Relations Act, as amended (Taft-Hartley Act), 29 U.S.C.A. § 141 et seq., are substantially the same. The Board before enforcing the certification must petition the Court for enforcement, filing the entire records and proceedings, 29 U.S.C.A. § 160(e). The same objections to the certification now urged may of course, be then urged in court. If it appears that defendant union did not file the reports and affidavits as required, see 29 U.S.C.A. § 159, the certification will no doubt be held null and void, for it is held that "the policy evidenced by sections 9(f, g and h) precludes enforcement unless the union shall comply with the requirements of those sections." National Labor Relations Board v. Brozen, 2 Cir., 166 F.2d 812, 813, supra.

Wherefore, plaintiff's complaint, seeking only declaratory judgment, is dismissed without prejudice to rights of complainant, if, and when, the certification order complained of is sought to be enforced against it, to urge the same grounds of invalidity contained in this complaint.