**NATIONAL LABOR RELATIONS BOARD v. RED ROCK CO. et al.**

No. 13375.

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1951.

Rehearing Denied March 9, 1951.

Bernard Dunau, Atty., A. Norman Somers, Asst. General Counsel, and David P. Findling, Associate General Counsel, National Labor Relations Board, all of Washington, D. C., for petitioner.

M. E. Kilpatrick, Atlanta, Georgia, for respondents.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

In its general aspects this is an ordinary proceeding by the Board for the enforcement of one of its remedial orders. Aside from two contentions of respondents to be later adverted to, the question presented is

10. See Virginian Ry. Co. v. Armentrout, 4 Cir., 166 F.2d 400, 408–409, and cases there cited.

whether upon the record, considered as a whole, there is substantial evidence supporting the findings on which the order rests that the act was violated as claimed and found.

Of the opinion that there is, we would, but for the two contentions pressed upon us by respondents as barriers in the way of enforcement, say no more, and order enforcement.

One of these contentions is that the record fails to show compliance on the part of the Union with Sections 9(f), 9(g) and 9(h) of the act, 29 U.S.C.A. § 159(f, g, h), and, because thereof, the board was without jurisdiction to entertain the charge, file the complaint, and proceed to findings and an order on it.

The other is that the record furnishes no support in fact and in law for the Board's finding that, from the standpoint of the labor relations involved in this case, both respondents are employers and both are alike responsible for the violations found by the Board.

As a corollary to this second contention, respondent Red Rock Company, on whose payroll the affected employees were and with whom the Union sought to bargain, urges that, considered apart from its co-respondent, Red Rock Cola Co., the interstate business done by it is not sufficient under the Board's rule, adopted since this case was heard, to support the filing of the complaint, and the enforcement order against it, alone.

As respondent, Red Rock Company, stated its contention No. 1 below, it was that the burden was upon the charging Union to show on the face of its charge and upon the Board to allege in its complaint and prove the fact of compliance as a condition precedent to the exercise of its jurisdiction and the filing of its petition here for enforcement of its order. It relied there, and it must rely here, not upon any proof of its own that the Union had not complied, but upon what it deems the failure of the Union and Board to carry their burden.

It is true that respondent does assert here that, by answer and oral and written motions and expressions, it did undertake below to raise, and to support by proof, its contention that the Union was not in compliance.

An examination of the appendix to respondent's brief, however, shows that, aside from causing subpoenas to issue, respondent made no effort to prove affirmatively that there was no compliance.

Its point made below was that the charges show on their face[1] that there had been no compliance with the filing requirements of Section 9 of the Taft-Hartley Act, and the Board's complaint on its face fails to show that there had been compliance.[2]

In his report and opinion, the trial examiner held that the question of compliance was not a matter for pleading and proof at the hearing before him but was an ad-

---

1. A reading (1) of Par. 3 of the amended charges as they appear in the transcript of record, with their definite and positive statements under oath that the Union has complied with Secs. 9(f) and (g) of the Act as amended, "as evidenced by letter of compliance issued by the Department of Labor", and (2) of Par. 4, "Each of the officers of the Union has executed a non-communist affidavit as required by Sec. 9(h) of the Act", completely rebuts Respondent's claim that the fact of non-compliance affirmatively appears upon the face of the charges.

2. Reference to the same appendix shows further that the specific ground of the objection to the charges was that the blank space in Par. 3 provided (1) for writing in the code number of the letter of compliance issued by the Department of Labor, and (2) for writing in the fis-

cal year covered by the financial data filed with the Secretary, were left blank, and, therefore, the charges showed on their face that the union had not qualified.

It also shows that the claim of respondent, that the complaint was defective because it did not specifically set out that there had been compliance with the filing requirements of Sec. 9 of the Act, having been rejected by the examiner on the ground that the statute does not require such allegation or proof, the respondents then stated their contention thus, "it is our contention that the filing requirements prescribed by Sec. 9 of the Taft-Hartley Act are jurisdictional in nature and require an affirmative showing on the part of the Labor Union filing the charge. Therefore, since the complaint on its face fails to show the filing requirement, we think the proceeding

ministrative matter to be determined by the Board itself.

The Board, in its opinion, in addition to specifically approving the examiner's finding that the question of compliance was a matter for administrative determination by the Board and is not litigable by the parties in this proceeding, declared "Moreover, we are administratively advised that the Union has fully complied with the filing requirements of the amended act."

■ In this state of the record, we are quite clear that respondent's contention is wholly without merit, both because if it was necessary for the Union charges to show compliance on their face, this was done, and because the act does not, as a condition to the exercise of its jurisdiction, require pleading and proof by the Board that the Union had complied.[3]

This is not to hold that if, on a petition for enforcement, it is made to appear to this court by clear and positive proof that the Board has, contrary to the statute, taken jurisdiction of a charge made by a non-complying Union, particularly one which has not complied with Sec. 9(h), the filing of the non-communist affidavit, and has ordered a respondent to recognize and bargain with it, this court would enforce the Board's order.[4] On this record, that question is not before us.

Neither do we decide whether, or, if so, the circumstances under which, this court would hear clear and positive evidence to the contrary, where, as here, the Board, in its findings and order, has affirmatively

declared that there was compliance. On this record this question is not before us.

All that we have before us, and all that we decide, is that the record does not support the position of respondents taken below, that no compliance appears on the face of the charges or that, because of the failure of the Board to affirmatively allege compliance, it was without jurisdiction to proceed.

■ Upon respondents' second contention, the failure of the record to support the findings and order against the Cola Company, we agree with respondents,[5] and we will not, as to that company order enforcement.

■ We do not agree with respondent Red Rock, though that this conclusion requires us to refuse enforcement of the order as to it. Within the meaning and effect of decisions of this court, N.L.R.B. v. Mid-Co. Gasoline Co., 5 Cir., 183 F.2d 451 and N.L.R.B. v. Gulf Public Service Co., 5 Cir., 116 F.2d 852, the amount of interstate commerce being done by that respondent was sufficient to support the Board's jurisdiction. The fact that by a self-denying rule or order made since this complaint was filed and order entered, the Board has set limits to the exercise in the future of the jurisdiction it possesses is not a matter of which respondent may avail. The petition to enforce as to Red Rock will be granted. It will be denied as to Red Rock Cola Co.

Enforced in part and denied in part.

---

from here on out is without jurisdiction".

Finally it shows that, when the two subpoenas, one to the Union head who filed the charge and the other to the regional director, calling for the documents required to be filed with the Secretary of Labor under Sections 9(f) and (g), the respondents have procured the issuance of, were, upon motion of the general counsel, revoked by the trial examiner upon the ground that the inquiry was not relevant, counsel for respondents made this formal statement: "The rulings which have just been announced by the examiner have the effect of preventing or precluding the respondents from showing that the labor organization which filed the charges and amended charges has not complied with the re-

quirements of Sec. 9. * * * I wish to state what the proof would show, except for the ruling of the examiner which prevents us from going into that question. The proof * * * would show that the labor organization has not complied."

3. N.L.R.B. v. Greensboro Coca Cola Bottling Co., 4 Cir., 180 F.2d 840.

4. Cf. N.L.R.B. v. Whittenberg, 5 Cir., 165 F.2d 102; N.L.R.B. v. Brozen, 2 Cir., 166 F.2d 812; N.L.R.B. v. Postex Cotton Mills, Inc., 5 Cir., 181 F.2d 919; American Communications Ass'n v. Douds, 339 U.S. 382, 70 S.Ct. 674.

5. N.L.R.B. v. Bonita Fruit Co., 5 Cir., 158 F.2d 758; Press Co. v. N.L.R.B., 73 App.D.C. 103, 118 F.2d 937.