**LAW et al. v. NATIONAL LABOR RELATIONS BOARD.**

No. 4224.

United States Court of Appeals
Tenth Circuit.

Oct. 25, 1951.

R. C. Garland, Las Cruces, N. M. (Garland & Sanders, Las Cruces, N. M., on the brief), for petitioners.

Arnold Ordman, Atty., NLRB, Washington, D. C. (George J. Bott, Gen. Counsel, NLRB, David P. Findling, Associate Gen. Counsel, NLRB, A. Norman Somers, Asst. Gen. Counsel, NLRB, Arnold Ordman, Atty., NLRB, all of Washington, D. C., and Rosanna A. Blake, Atty., NLRB, Takoma Park, Md., on the brief), for respondent.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is a petition to review and set aside an order of the National Labor Relations Board.[1] In its answer to the petition the Board prayed that its order be enforced.

The Board found that petitioners by interrogation, threats and surveillance interfered with, restrained and coerced their employees in violation of § 8(a) (1) of the National Labor Relations Act, as amended,[2] 61 Stat. 136, 29 U.S.C.A. § 151 et seq., and that petitioners discharged their employees Jones and McClure because of their union activities in violation of § 8(a) (1) and (3) of the Act.

The Board entered a conventional order requiring petitioners to cease and desist from the unfair labor practices, from in any manner interfering with, restraining or coercing their employees in the exercise of the rights guaranteed them by § 7 of the Act, and to offer reinstatement with back pay to the two employees discriminatorily discharged, and to post the usual notices.

We deem it unnecessary to delineate the evidence in detail. Suffice it to say, that after a careful examination of all the evidence and a consideration of the record as a whole, we are firmly convinced that the findings of the Board are supported by substantial evidence.

Petitioners assert that the Board erroneously placed on them the burden of

1. Hereinafter called the Board.

2. Hereinafter called the Act.

proof with respect to the reasons for the discharge of the employees. The Board held that the burden of proving the commission of the alleged unfair labor practices rested at all times upon the General Counsel, but the Examiner and the Board further held that when the General Counsel had introduced evidence establishing a prima facie case it was then incumbent upon the petitioners to go forward with contra-evidence or take the risk of an adverse finding. When the General Counsel established a prima facie case, while the burden of proof did not shift to the petitioners, it was incumbent upon them to introduce evidence of the reasons for the discharges, with respect to which they had greater means of knowledge, or assume the risk of an adverse finding.[3]

At the beginning of the hearing General Counsel offered in evidence the original charge, complaint, notice of hearing and proof of service of such papers. Petitioners objected to the introduction of the exhibits and to any other further proceeding in the matter until it had been shown that the Union had complied with the provisions of § 9(g) and (h) of the Labor Management Relations Act, 1947.[4] The objection was overruled.

The Board has established an elaborate administrative structure to enable it to determine, prior to the issuance of a complaint upon a charge, whether the labor organization which made the charge and any national or international labor organization of which it is an affiliate has complied with the requirements of § 9(f), (g) and (h). See Rules and Regulations of the National Labor Relations Board, Series 6, §§ 102.13, 102.52, 102.65, 101.2, 101.3, 101.16 and 101.21;[5] and Series 5, §§ 202.3, 202.16, 202.21, 203.13 and 203.65.[6]

The charge in the instant case was filed May 9, 1949. The complaint was issued April 6, 1950.

The face of the charge bears a notation indicating that the compliance status of the Union had been checked.

The answer did not allege non-compliance with the provisions of § 9(g) and (h) of the Labor Management Relations Act, 1947. The petitioners offered no proof of non-compliance and there is nothing in the record tending to show non-compliance with § 9(g) and (h).

---

3. Montgomery Ward & Co. v. National Labor Relations Board, 7 Cir., 107 F.2d 555, 560.

4. Section 9(f) and (h) of the Labor Management Relations Act, 1947, 61 Stat. 145, 146, 29 U.S.C.A. § 159(f), (g) and (h), provides that no complaint shall be issued pursuant to a charge made by a labor organization unless such labor organization and any national or international labor organization of which such labor organization is an affiliate or constituent unit, shall have, prior thereto, filed with the Secretary of Labor copies of its constitution and by-laws and a report in such form as the Secretary may prescribe, showing the information required in subsection (f) (A) (1) (2) (3) (4) (5) (6), and a financial report in such form as the Secretary may prescribe showing the information required by subsection (f) (B) (1) (a) (b) (c), and unless there is on file with the Board an affidavit executed contemporaneously or within the preceding 12 months' period by each officer of such labor organization and the officers of any national or in-

ternational labor organization of which it is an affiliate or constituent unit, that he is not a member of the Communist Party or affiliated with such Party.

Section 9(g) of the Labor Management Relations Act, 1947, provides that it shall be the obligation of all labor organizations to file annually with the Secretary of Labor, in such form as the Secretary may prescribe, reports bringing up to date the information required to be supplied in the initial filing by subsection (f) (A) and to file with the Secretary and furnish to its members annually financial reports in the form and manner provided in subsection (f) (B), and that no complaint shall issue with respect to a charge filed by a labor organization unless it shall show that it and any national or international labor organization of which it is an affiliate or constituent unit has complied with its obligations under § 9(g).

5. 16 F.R. pp. 1935, 1938, 1942, 1945.

6. 13 F.R. pp. 4871–4872, 4873.

The decisions of the Circuit Courts of Appeals which have passed on the question are contrary to petitioners' contention.[7]

■ For the reasons stated by Chief Judge Parker in National Labor Relations Board v. Greensboro Coca Cola Bottling Co., 4 Cir., 180 F.2d 840, 844, in which we fully concur, we hold that proof by the General Counsel of compliance with the provisions of § 9(f), (g) and (h) by the labor organization which filed the charge and any national or international labor organization of which it is an affiliate is not a jurisdictional prerequisite to the Board proceeding with a hearing on a complaint, and where there is nothing to show non-compliance with such statutory requirements, and the General Counsel has filed a complaint and the Board has granted relief upon the complaint, we must assume compliance with such statutory requirements. National Labor · Relations Board v. Highland Park Manufacturing Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969, is not to the contrary. There, it was admitted that the Congress of Industrial Organizations, with which the Union filing the charges was affiliated, had not filed the required non-Communist affidavits "at any time relevant to (the) proceeding."

The order of the Board will be enforced.

7. National Labor Relations Board v. Greensboro Coca Cola Bottling Co., 4 Cir., 180 F.2d 840, 844–846; National Labor Relations Board v. Wiltse, 6 Cir., 188 F.2d 917, 920–924; National Labor Relations Board v. Red Rocks Co., 5 Cir., 187 F.2d 76, 77, 78.