WEST TEXAS UTILITIES CO., Inc. v. NATIONAL LABOR RELATIONS BOARD.

No. 13805.

United States Court of Appeals Fifth Circuit.

April 4, 1952.

Rehearing Denied May 1, 1952.

Frank Cain, Dallas, Tex., for petitioner.

Thomas F. Maher, Attorney, National Labor Relations Board, A. Norman Somers, Asst. Gen. Counsel, and David P. Findling, Assoc. Gen. Counsel, all of Washington, D. C., for respondent.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

On June 28, 1951, pursuant to Section 10(c) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq., the National Labor Relations Board entered its order[1] in which it held that the petitioner had violated Section 8(a), sub-sections (1) and (3), of the National Labor Relations Act. The order required petitioner to cease and desist from the unfair labor practices complained of, to reinstate and make whole one employee, M. F. Huddleston; and to make whole another employee, A. M. Coplen, who had been discharged and subsequently re-employed. Petitioner is here asking the court to set aside the order as to the reinstatement of Huddleston and the making whole of Huddleston and Coplen. The Board prays that the order be enforced in its entirety.

■ It is the petitioner's contention that the Board erred in holding that Huddleston was not a supervisor as defined by Section 2(11) of the National Labor Relations Act, and in holding that Coplen was discharged because of his union activities. Upon careful consideration of the entire record, we find no error in the Board's decision; its finding that Huddleston was not a supervisor is substantially supported by the evidence. Though the petitioner contends that Huddleston was a shift engineer with supervisory power, the evidence strongly supports the finding that he was a machinist without any supervisory authority. It is significant that the very reason put forward by petitioner for discharging Huddleston was that he refused to accept a promotion to foreman.

In informing Huddleston of the promotion, petitioner's production superintendent stated that Huddleston's classification was to be changed to foreman, and that he would receive an increase in wages of five cents per hour. It was explained, however, that there would be no change in his duties. Huddleston declined to accept the change in title for the reason that he felt he would be discharged for past union activities upon acceptance of a supervisory status that would deprive him of the protection afforded non-supervisory employees. He had been active in the organizational campaign of petitioner's employees, and was at one time chairman of the local unit of the union. As a union representative, he had processed a grievance in behalf of a discharged union member. There is evidence in the record to the effect that petitioner's chief engineer and assistant engineer had informed other employees that Huddleston had been discharged because he was a union ringleader.

■ A. M. Coplen had worked for petitioner for approximately five years, during which time he was assigned primarily to work as a painter. He was discharged on September 6, 1949, and re-employed approximately seven months later. There is evidence to the effect that Coplen had been questioned and threatened about his union activity. Though petitioner contended that Coplen was discharged because there was no painting work for him to do, the evidence does not support such contention. N. L. R. B. v. Abbott Worsted Mills, Inc., 1 Cir., 127 F.2d 438, 440; Law v. N L. R. B., 10 Cir., 192 F.2d 236; Angwell Curtain Co. v. N. L. R. B., 7 Cir., 192 F.2d 899, 902. The petition to set aside the order is denied; the petition to enforce it is granted.

Order enforced.

1. 94 N. L. R. B. 1638.