**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COCA–COLA BOTTLING COMPANY OF LOUISVILLE, Inc., Respondent.**

No. 12316.

United States Court of Appeals, Sixth Circuit.

Feb. 15, 1955.

Marcel Mallet-Prevost, Samuel M. Singer, Washington, D. C., for petitioner.

Skaggs, Hays & Fahey, Louisville, Ky. (Argued by A. Singleton Cagle, Louisville, Ky., of counsel), for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel:

And it appearing that respondent at the hearing herein contended that W. B. Taylor, CIO Regional Director for Kentucky, is an officer of the CIO and is required under Section 9(h) of the Labor Management Relations Act, 29 U.S.C. § 159(h), 29 U.S.C.A. § 159(h), to file a non-Communist affidavit;

And it being conceded that said W. B. Taylor had not filed such an affidavit;

And it appearing that in support of its contention respondent offered to show that said W. B. Taylor is an officer of the CIO, that he exercises administrative and executive powers over United Brewery and Soft Drink Workers Local 20, and exercises a working control over every CIO local union and affiliated national union which operates within the Commonwealth of Kentucky and the CIO region;

And it appearing that the Trial Examiner excluded this evidence and would not permit the question of noncompliance to be raised in the unfair labor practice proceedings, in which action the Trial Examiner was sustained by the Board;

And it appearing that respondent is entitled to a judicial review of the legal question whether there has been compliance with Section 9(h); National Labor Relations Board v. Highland Park Manufacturing Company, 341 U.S. 322, 325, 326, 71 S.Ct. 758, 95 L.Ed. 969.

The case is hereby remanded with instructions to permit respondent to introduce testimony as to the functions

and extent of jurisdiction of said W. B. Taylor as Regional Director of the CIO and with instructions to make relevant findings of fact and conclusions of law and to certify the same to this court.