243 F.2d 168
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
WAGNER IRON WORKS and Bridge, Structural & Ornamental Iron Workers Shopmen's Local 471, (AFL), Respondents.
INTERNATIONAL UNION UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 11121.
 No. 11141.
 United States Court of Appeals Seventh Circuit.
 April 11, 1957.
 
 Albert J. Goldberg, Morris Karon, Max Raskin, Milwaukee, Wis., for Wagner Iron Works, International Union.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for National Labor Relations Board.
 Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.
 PER CURIAM.
 
 
 1
 On March 7, 1955, 220 F.2d 126, we modified and approved, as modified, an order of the National Labor Relations Board finding petitioner guilty of certain unfair labor practices. On April 5, 1955, we denied a petition for rehearing. Our final decree was entered on April 14, 1955, and on March 5, 1956 the Supreme Court denied certiorari, 350 U.S. 981, 76 S.Ct. 466, 467, 100 L.Ed. 850.
 
 
 2
 Now, more than two years after our opinion was filed, petitioner seeks to set aside our decree, and to review an order entered January 23, 1957, wherein the Board refused to set aside its original order of April 28, 1953 upon which the decree of this court was predicated, and, in addition, refused to set aside proceedings now pending in regard to the back pay issue growing out of the original complaint.
 
 
 3
 The crux of petitioner's argument is that the Board lacked jurisdiction to enter its original order because at the time when the complaint issued, certain officers of the complaining union had failed to file non-communist affidavits as provided by Section 9(h) of the Act, 29 U.S.C.A. § 159(h). In an attempt to excuse the delay in raising this jurisdictional issue, petitioner avers that it did not learn of the fact until quite recently. Further, the contention is made that, prior to the decision of this court in Goodman Mfg. Co. v. N. L. R. B., 227 F. 2d 465; Id., 234 F.2d 775, the issue of noncompliance could not have been raised before the Board by the employer in an unfair labor practice proceeding.
 
 
 4
 We are of the opinion that the averments do not embrace circumstances sufficient to excuse the petitioner from failing to urge the point below or before this court at the proper time, within the meaning of Section 10(e) of the Act, 29 U.S.C.A. § 160(e). First, as pointed out in N. L. R. B. v. Greensboro Coca Cola Co., 4 Cir., 180 F.2d 840, 844, the information concerning compliance may be easily obtained from the Board. Further, as in Goodman, if petitioner had the information, the issue could have been raised before the board for "preservation" purposes, and, if denied, urged before this court on appeal. The point has not been presented within a timely period.
 
 
 5
 The petition is denied.