**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PLANT CITY WELDING AND TANK COMPANY, Respondent.**

**PLANT CITY WELDING AND TANK COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 18015, 18048.**

United States Court of Appeals
Fifth Circuit.

March 22, 1960.

Standau E. Weinbrecht, Atty., N.L.R.B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Thomas J. McDermott, Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

Granville M. Alley, Jr., Cody Fowler, Paul A. Saad, Tampa, Fla., for respondent.

Before RIVES, Chief Judge, TUTTLE, Circuit Judge, and SIMPSON, District Judge.

PER CURIAM.

These cases both arise out of an order of the National Labor Relations Board adjudging Plant City Welding and Tank

Company guilty of unfair labor practices in violation of Section 8(a) (1) and (5) of the Taft-Hartley Act, 29 U.S.C.A. § 158(a) (1, 5). In Case No. 18015, the National Labor Relations Board petitioned this Court for enforcement of its order. Plant City, in turn, filed a Cross Petition for Review of the Board's Administrative Determination of Compliance Status, seeking to have the decision of the National Labor Relations Board that the complaining union was in compliance with the requirements of Section 9(f), (g) and (h) of the Taft-Hartley Act, 29 U.S.C.A. § 159(f–h), reviewed and set aside. The National Labor Relations Board then filed a motion to dismiss this cross petition. Plant City also filed a motion for an order to file a transcript of the proceeding of the administrative hearing on compliance and a motion to require the National Labor Relations Board to file a more definite certified list.

In Case No. 18048 Plant City sought to obtain substantially identical relief by an alternative means. It is an original action instituted by Plant City for review of the administrative determination of compliance in Case No. 18015. The National Labor Relations Board also moved to dismiss this action.

By order of December 2, 1959, we set down for argument all motions filed and pending in both of these cases.

The primary question presented is whether Plant City has a right to require the National Labor Relations Board to file a transcript of the proceedings in its administrative hearing to determine the compliance status of the complaining union. The National Labor Relations Board contends that it does not have such a right on the grounds that this Court lacks the power to review the facts underlying a Board determination of compliance. We disagree.

■ It is well settled that noncompliance of the complaining union may be asserted as a defense to enforcement of a Board order adjudging the respondent guilty of unfair labor practices. National Labor Relations Board v. Coca-Cola Bottling Co., 1956, 350 U.S. 264, 76 S.Ct. 383, 100 L.Ed. 285; National Labor Relations Board v. Highland Park Co., 1951, 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969. Consequently, even though we agree that this rule would not permit inquiry into the *truth* of the affidavits required by Section 9(h) (See National Labor Relations Board v. Eastern Massachusetts Street Ry. Co., 1 Cir., 1956, 235 F.2d 700), and possibly does not permit inquiry into the *accuracy* of reports filed pursuant to Section 9(f) and (g), it certainly does permit inquiry into the *sufficiency* of those filings. For the Coca-Cola case, supra, held that the fact of filing is open to inquiry, and the sufficiency of a filing goes to the question of whether, in law, there has been a filing.

■ We think it clear, therefore, that Plant City is entitled to have the transcript of the compliance proceedings brought before this Court. The appropriate procedure to raise this question was by motion ancillary to the enforcement proceeding and, consequently, we grant that motion. The separate proceeding, Case No. 18048, was unnecessary and is dismissed.

The National Labor Relations Board may, of course, avail itself of Rule 38 of our Rules, 28 U.S.C.A., and file a Certified List adequately describing the various documents, exhibits, testimony, etc. involved in the compliance proceeding. In this regard however, the necessity for an *adequate* description must be kept in mind. The certified list filed in this case has been challenged as inadequate and we think that challenge is well taken. Plant City's Motion to Require the National Labor Relations Board to file a More Definite Certified List will, therefore, also be granted.