284 F.2d 231
 109 U.S.App.D.C. 97
 ATLAS LIFE INSURANCE COMPANY, an Oklahoma Corporation, Appellant,
v.
Boyd S. LEEDOM et al., individually and as Chairman and
Members of the National Labor Relations Board, Appellees.
 No. 15673.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 17, 1960.
Decided Nov. 3, 1960.
 
 Mr. Harry D. Moreland, Tulsa, Okl., of the bar of the Supreme Court of Oklahoma, pro hac vice, by special leave of court, with whom Mr. Harold C. Stuart, Tulsa, Okl., was on the brief, for appellant.
 Miss Marion L. Griffin, Atty., National Labor Relations Board, of the bar of the Supreme Court of Ohio, pro hac viceBy special leave of court, with whom Messrs. Stuart Rothman, Gen. Counsel, National Labor Relations Board, Dominick L. Manoli, Assoc. Gen. Counsel, National Labor Relations Board, and Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, were on the brief, for appellees. Mr. Herman M. Levy, Atty., National Labor Relations Board, also entered an appearance for appellees.
 Before Mr. Justice REED, retired,[1] and BASTIAN and BURGER, Circuit judges.
 PER CURIAM.
 
 
 1
 Appellant sought an injunction to void certification of a union as collective bargaining representative on the ground that no hearing had been held to test compliance by the union with the affidavit requirements of the Labor Management Relations Act, 1947, 9(f), ch. 120, 61 Stat. 145, 29 U.S.C.A. 159(f). In directing a representation election the National Labor Relations Board noted that the union had complied with these requirements. The District Court dismissed, holding that appellant had an adequate remedy under Sections 9(d), 10(e) and (f), 29 U.S.C.A. 159(d), 160(e, f). We agree. Appellant may raise the issue in an enforcement proceeding following a refusal to bargain with the union and hence there is no showing of the lack of an adequate legal remedy sufficient to resort to equity. Cf. Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210; National Labor Relations Board v. Highland Park Mfg. Co., 1951, 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969.
 
 
 2
 Affirmed.
 
 
 
 [1]
 Sitting by designation pursuant to the provisions of 28 U.S.C. 294(a)