**ATLAS LIFE INSURANCE COMPANY,**
a corporation, Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

**No. 6651.**

United States Court of Appeals
Tenth Circuit.

Oct. 10, 1961.

Harry D. Moreland, Tulsa, Okl. (Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, Okl., on the brief), for petitioner.

Melvin J. Welles, Atty., N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Earle W. Putnam, Atty., N. L. R. B., Washington, D. C., on the brief), for respondent.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PHILLIPS, Circuit Judge.

This matter is before the court on a petition of Atlas Life Insurance Company [1] to review and set aside an order of the National Labor Relations Board [2] and the petition of the Board for the enforcement of such order.

1. Hereinafter called the Company.

2. Hereinafter called the Board.

On November 5, 1958, the Building Service Employees' International Union, Local No. 245, AFL-CIO,[3] filed a petition with the Board, requesting a certificate as the bargaining representative in a unit composed of building service employees at the Company's office building in Tulsa, Oklahoma.

In February, 1959, the Board issued its Decision and Direction of Election, in which it determined that a question affecting representation existed and ordered an election.

The election subsequently conducted by the Board resulted in the selection and certification of the Union as the bargaining representative for the Company's building service employees.

Thereafter, the Union filed charges of unfair labor practices by the Company, in that on March 28, 1959, and repeatedly thereafter, the Union requested the Company to recognize and bargain with it as the employees' representative and the Company refused to comply with such request. Thereafter, a complaint of unfair labor practices was filed against the Company. After due notice and hearing, the Board entered its order in the usual form, requiring the Company to cease and desist from the unfair labor practices, directing it, upon request, to bargain with the Union and to post appropriate notices.

In the representation proceeding, the Company filed an answer, which in part read:

"IV. It asserts that the action of the Board in attempting to assume jurisdiction over it is illegal."

At the hearing on the representation proceeding, Mr. Moreland, counsel for the Company, stated:

"In making that stipulation I would like to reserve the point that we at this time did not know whether the organization has complied with the Act with respect to satisfying the requirements of Congress concerning non-communist affidavits in the absence of communist influence in the labor organization, and we do reserve the right to question that either here or at any other place in the future that we may."

The Hearing Officer then made the following inquiry:

"Sir, are you making reference to requirements under 9(f), (g) and (h) of the Act?"

Mr. Moreland then replied:

"I am making this reservation with respect to any act of Congress that places any limitations upon a labor organization with respect to the showing that it is non-communist, sir."

Thereupon, the Hearing Officer stated:

"Well, sir, the requirements under 9(f), (g) and (h) of the Act are an administrative determination and we will not go into them at this time."

At no time in the representation proceeding did the Company either attempt to prove or offer to prove that the Union had failed to comply with § 9(h) of the Labor Management Act of 1947, 29 U.S. C.A. § 159(h).[4]

In a note to its decision in the representation proceeding, the Board stated:

"The Employer's contention as to the adequacy of compliance with Section 9(f), (g) and (h) of the Act, is an administrative matter not cognizable in this proceeding. We are presently administratively satisfied that the Petitioner is in compliance."[5]

3. Hereinafter called the Union.

4. Hereinafter called the Act.

5. Prior to the filing of the charge initiating the unfair labor practice proceeding and after the decision and order in the representation proceeding was entered, the Company brought an action in the United States District Court for the District of Columbia, in which it sought an injunction "to void certification" of the Union, "on the ground that no hearing had been held to test compliance by the union with the affidavit requirements of the Labor Managment Relations Act,

In its answer in the unfair labor practice proceeding, the Company alleged:

"III. It asserts that the National Labor Relations Board lacks authority to order an election or to conduct an election or to issue a certification of representation in Case No. 16–RC–2432 because National Labor Relations Board, acting as an entity, and its chairman and members failed, refused and neglected to conform to or comply with the mandatory provisions of Section 9(h) of the National Labor Relations Act."

At the hearing in the enforcement proceeding, the Company at no time either attempted to prove or offered to prove that the Union had failed to comply at any pertinent time with the requirements of § 9(h) of the Act. At such hearing it admitted that it did not know whether the Union was in compliance. It here contends that the Board should have required the Union, in the representation proceeding, to prove that it had complied with § 9(h).

The petition in the representation proceeding on its face indicated that the compliance status of the Union had been checked and that the Board had administratively decided that the Union was in compliance. The decision in the representation proceeding recited that the Board was administratively satisfied that the Union was in compliance.

The sole question presented here is raised by the contention of the Company that the Board, both in the representation proceeding and in the unfair labor practice proceeding, failed to require the Union to affirmatively establish compliance by it with the requirements of § 9(h) of the Act and that the Board did not afford the Company an opportunity in the representation proceeding to prove noncompliance.

Even though the Hearing Officer, by his statement that he would not go into the question of compliance at that time, indicated that he would not admit evidence by the Company of such noncompliance, the Company could readily have ascertained the facts with respect to compliance, and if there had been noncompliance could have proved that fact in the unfair labor practice proceeding, as a bar to that proceeding.[6]

There was nothing in the record to show noncompliance by the Union at pertinent times with the requirements of § 9(h) of the Labor Management Relations Act of 1947. Indeed, the record indicates the contrary.

The Board had established an elaborate administrative structure to enable it to determine, prior to the issuance of a complaint upon a charge, whether the Union and any national or international labor organization of which it was an affiliate had complied with the requirements of § 9(f), (g) and (h). See Rules and Regulations of the National Labor Relations Board, Series 7, §§ 102.13, 102.60;[7] Statements of Procedure, Series 7, §§ 101.2, 101.3.[8]

---

1947, § 9(f), ch. 120, 61 Stat. 145, 29 U.S.C.A. § 159(f)." The District Court dismissed the action on the ground that the Company had an adequate remedy under §§ 9(d), 10(e) and (f), 29 U.S. C.A. §§ 159(d), 160(e), (f). On appeal, the judgment of the District Court was affirmed. See *Atlas Life Insurance Company v. Leedom,* 109 U.S.App.D.C. 97, 284 F.2d 231, 232. In its opinion, the Court of Appeals stated: "Appellant may raise the issue in an enforcement proceeding following a refusal to bargain with the union and hence there is no showing of the lack of an adequate legal remedy sufficient to resort to equity."

A certification of a union as a bargaining agent is not open to direct review. It may, however, be challenged in an unfair labor practice proceeding. See 29 U.S.C.A. § 159(d) ; *Leedom v. Kyne,* 358 U.S. 184, 187, 79 S.Ct. 180, 3 L.Ed.2d 210; *American Federation of Labor v. National Labor Relations Board,* 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; *National Labor Relations Board v. Moyer & Pratt, Inc.,* 2 Cir., 208 F.2d 624.

6. National Labor Relations Board v. Coca Cola Bottling Co., 350 U.S. 264, 76 S.Ct. 383, 100 L.Ed. 285.

7. 23 F.R. 3261, 3266.

8. 23 F.R. 3254, 3256.

■■ Where an administrative board acts within the line of its official duties, its orders are presumed to have been regularly, properly and legally made.[9] Hence, it must be presumed on this record that the Board properly determined that the Union was in compliance with the statutory requirements of § 9(f), (g) and (h) of the Act.

In Law v. National Labor Relations Board, 10 Cir., 192 F.2d 236, 239, we said:

"For the reasons stated by Chief Judge Parker in National Labor Relations Board v. Greensboro Coca Cola Bottling Co., 4 Cir., 180 F.2d 840, 844, in which we fully concur, we hold that proof by the General Counsel of compliance with the provisions of § 9(f), (g) and (h) by the labor organization which filed the charge and any national or international labor organization of which it is an affiliate is not a jurisdictional prerequisite to the Board proceeding with a hearing on a complaint, and where there is nothing to show noncompliance with such statutory requirements, and the General Counsel has filed a complaint and the Board has granted relief upon the complaint, we must assume compliance with such statutory requirements. * * * *"

National Labor Relations Board v. Highland Park Manufacturing Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969, and National Labor Relations Board v. Coca Cola Bottling Co., 350 U.S. 264, 76 S.Ct. 383, 100 L.Ed. 285, are not to the contrary. Those cases merely hold that, with certain limitations, the employer in an unfair labor practice hearing can show that the labor organization had not complied with § 9(h) of the Act, as a bar to the proceeding on the complaint.

■ Accordingly, we conclude that on this record it was not incumbent on the Board, either in the representation proceeding or the unfair labor practice proceeding, to prove compliance with the provisions of § 9(h), or to require the Union so to do.

■ Finally, we further conclude that the Company, because of its failure to attempt to prove or offer to prove noncompliance, either in the representation proceeding or in the unfair labor practice proceeding, may not now assert that it was denied the right to make such proof of noncompliance as a bar to either proceeding.

The order of the Board is affirmed and an appropriate enforcement order will be entered.

---

9. State Corporation Commission of Kansas v. Wall, 10 Cir., 113 F.2d 877, 880; Atchison, T. & S. F. Ry. Co. v. Elephant Butte Irr. Dist., 10 Cir., 110 F.2d 767, 771.