316 F.2d 373
 114 U.S.App.D.C. 372
 INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP
BUILDERS, BLACKSMITHS, FORGERS AND HELPERS,
AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, McDermott
Fabricators, a Division of J. Ray McDermott & Co.,
Inc., Intervenor.
 No. 17158.
 United States Court of Appeals District of Columbia Circuit.
 Argued Jan. 18, 1963.
Decided Feb. 14, 1963.
 
 Mr. Herbert S. Thatcher, Washington, D.C., for petitioner. Messrs. James F. Carroll and Donald M. Murtha, Washington, D.C., also entered appearances for petitioner.
 Mr. Standau E. Weinbrecht, Atty., N.L.R.B., of the bar of the Supreme Court of Indiana, pro hac vice, by special leave of court, with whom Messrs. Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., were on the brief, for respondent. Mr. Hans J. Lehmann, Atty., N.L.R.B., also entered an appearance for respondent.
 Mr. Richard C. Keenan, New Orleans, La., with whom Messrs. Samuel Lang, New Orleans, La., and Milton C. Denbo, Washington, D.C., were on the brief, for intervenor, McDermott Fabricators, a division of J. Ray McDermott & Company.
 Mr. John J. McBurney, Washington, D.C., filed a brief on behalf of E. J. Bourgeois, et al., as amici curiae urging reversal.
 Before BAZELON, Chief Judge, and BURGER and WRIGHT, Circuit judges.
 PER CURIAM.
 
 
 1
 Appellant filed unfair labor pracitce charges against intervenor, based upon certain alleged actions in the period November 18 1958, to February 23, 1959. The General Counsel issued complaints based upon these charges on February 25 and May 11, 1959. After a full hearing on the merits before a hearing examiner, the Board, on March 21, 1962, dismissed the complaints on the ground that the union was not in compliance with Sections 9(f) and (g)[1] of the Act on the dates when the complaints issued.[2] Those sections forbade issuance of a complaint unless the union had supplied certain fiscal data to the Secretary of Labor and to its membership. Appellant does not contest the finding of non-compliance,[3] but argues that the subsequent repeal of those sections on September 14, 1959,[4] retroactively validated the complaints. We affirm the action of the Board
 
 
 2
 The six-month statute of limitations on the issuance of a complaint on the charges here in suit expired at the latest on August 23, 1959.[5] The repeal of Sections 9(f) and (g) was not enacted until September 14, 1959.[6] Thus, because of the union's non-compliance, the Board did not have jurisdiction[7] to issue the complaints here, not only on the date they were issued, but at any time during the six-month period of limitations. To validate these complaints now would require retroactive application of the repealing Act-- in effect to treat Sections 9(f) and (g) as if they never existed.[8] It is settled law that statutes are not to be applied retroactively 'unless the words used are so clear, strong and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot be otherwise satisfied.' United States Fidelity & Guaranty Co. v. United States for use & benefit Of Struthers Wells Co., 209 U.S. 306, 314, 28 S.Ct. 537, 539, 52 L.Ed. 804 (1908).[9] There is no such language or clearly manifested intent here.[10]
 
 
 3
 Affirmed.
 
 
 
 [1]
 61 Stat. 145-146, formerly codified as 29 U.S.C. 159(f), (g)
 
 
 [2]
 McDermott Fabricators v. International Brotherhood of Boilermakers, etc., 136 NLRB No. 20 (1962)
 
 
 [3]
 Appellant contends, however, that the Board acted arbitrarily in first finding the union to be in compliance with the Act, and then retroactively applying a subsequent determination that it was not in compliance. The facts to not support this contention. The Board made an administrative determination of compliance on March 21, 1959, in the interval between the first and second complaints here in suit. International Brotherhood of Boilermakers, etc., 123 NLRB 492 (1959). However, in another proceeding this determination was appealed and was remanded to the Board for further consideration. N.L.R.B. v. Plant City Welding and Tank Company, 5 Cir., 275 F.2d 859 (1960) and 5 Cir., 281 F.2d 688 (1960). On remand the Board determined that the union was not in compliance. International Brotherhood of Boilermakers, etc., 133 NLRB 1092 (1961). Thus, the initial determination never became final. Appellant also argues that, even if not in compliance, it may act as agent in these proceedings, asserting the rights of employees improperly discharged. This argument is without merit. Cf. News Printing Co. v. National Labor Relations Board, 98 U.S.App.D.C., 14, 231 F.2d 767 (1956), cert. denied, 352 845, 77 S.Ct. 33, 1 L.Ed.2d 47 (1956)
 
 
 [4]
 73 Stat. 525
 
 
 [5]
 61 Stat. 146 as amended, 29 U.S.C. 160(b)
 
 
 [6]
 73 Stat. 519, 525
 
 
 [7]
 Sections 9(f), (g) and (h) are clearly jurisdictional. See National Labor Relations Board v. Coca-Cola Bot. Co., 350 U.S. 264, 76 S.Ct. 383, 100 L.Ed. 285 (1956); National Labor Relations Board v. Highland Park Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969 (1951); Hercules Powder Company v. N.L.R.B., 5 Cir., 297 F.2d 424 (1961); Editorial 'El Imparcial,' Inc. v. N.L.R.B., 1 Cir., 278 F.2d 184 (1960); Goodman Manufacturing Co. v. National Labor Rel. Bd., 7 Cir., 234 F.2d 775 (1956), cert. denied, sub nom. United Electrical Radio & Machine Workers of America v. Goodman Manufacturing Co., 352 U.S. 872, 77 S.Ct. 94, 1 L.Ed.2d 77 (1956); National Labor Relations Board v. Alside, Inc., 6 Cir., 192 F.2d 678 (1951)
 
 
 [8]
 In similar, though not identical, situations the Supreme Court has refused to apply statutes retroactively. See Fullerton-Krueger Co. v. Northern Pacific R. Co., 266 U.S. 435, 45 S.Ct. 143, 69 L.Ed. 367 (1925); United States v. Burr, 159 U.S. 78, 15 S.Ct. 1002, 40 L.Ed. 82 (1895); Auffm'ordt v. Rasin, 102 U.S. (12 Otto) 620, 26 L.Ed. 262 (1880). United States v. State of Alabama, 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982 (1960), and cases cited therein are distinguishable. Those cases involved injunctions which operate in futuro with no statute of limitations problem
 
 
 [9]
 See generally cases collected in Decennial Digest, Statutes, 261-278
 
 
 [10]
 The legislative history during the time the legislation was under consideration is silent on retroactive application. Senator Goldwater and Representative Griffin made post-enactment statements that the repeal was not retroactive in effect. See 2 Legislative History of the Labor-Management Reporting and Disclosure Act of 1959, pp. 1811, 1960