EDITORIAL "EL IMPARCIAL," INC., et al., Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 5568.

United States Court of Appeals First Circuit.

Heard Feb. 2, 1960.

Decided May 3, 1960.

George L. Weasler, Santurce, P. R., with whom Fiddler, Gonzalez, Guillemard & Rodriguez, San Juan, P. R., was on the brief, for petitioners.

Fannie M. Boyls, Attorney, with whom Stuart Rothman, General Counsel, Thomas J. McDermott, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, and William J. Avrutis, Attorney, Washington, D. C., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition to review and set aside a decision and order of the National Labor Relations Board, 123 N.L.R.B. No. 176, and a petition by the Board for enforcement of its order.

Editorial "El Imparcial," Inc. and Distribuidora Expreso, Inc. (hereinafter referred to as petitioners) are a newspaper and a distributor of the newspaper respectively. Each is a Puerto Rican corporation and has its principal office and place of business in San Juan, Puerto Rico.

A complaint was issued by the Regional Director of the Board charging petitioners with certain unfair labor practices in violation of the National Labor Relations Act, 61 Stat. 136, as amended, 29 U.S.C.A. § 141 et seq. In their answer petitioners alleged that they were under no obligation to recognize or bargain with the Hermandad de los Trabajadores de las Artes Graficas y Ramos Anexas de El Imparcial, Local 1959, IBL–AFL–CIO, the charging union (hereinafter referred to as the Union), because the Union had not met the filing requirements of Sections 9(f), (g), and

(h) of the Act.[1] The petitioners served a subpoena on the Regional Director of the Board to produce at the unfair labor practices hearing before the trial examiner all the records pertaining to the compliance status of the Union. The General Counsel moved to quash the subpoena and the trial examiner granted the motion.

■ If properly challenged on this requisite for jurisdiction the Board must come forward with evidence of compliance with the filing requirements of Sections 9(f), (g), and (h) and give an opportunity to respondent to refute such evidence. National Labor Relations Board v. Puerto Rico Food Products Corp., 1 Cir., 1956, 232 F.2d 515; National Labor Relations Board v. Eastern Massachusetts St. Ry. Co., 1 Cir., 235 F.2d 700, certiorari denied 1956, 352 U.S. 951, 77 S.Ct. 325, 1 L.Ed.2d 242.

■■ The answer of petitioners sets up a defense of no obligation to recognize or bargain with the Union because of the Union's lack of compliance with Sections 9(f), (g), and (h) of the Act. This defense is clearly without merit, since compliance with these sections is not a condition precedent of the obligation of an employer to bargain collectively but only a condition precedent to the Board's investigation of a question concerning representation or issuance of a complaint charging unfair labor practices. United Mine Workers of America v. Arkansas Oak Flooring Co., 1956, 351 U.S. 62, 76 S.Ct. 559, 100 L.Ed. 941; National Labor Relations Board v. Reed & Prince Mfg. Co., 1 Cir., 205 F.2d 131, certiorari denied 1953, 346 U.S. 887, 74 S.Ct. 139, 98 L.Ed. 391. It should be noted also that this pleading does not constitute a proper challenge, requiring the Board to put in evidence of compliance, since it is not directed to the Board's jurisdiction or even necessarily to the time material to the question of the Board's jurisdiction. Cf. National Labor Relations Board v. Puerto Rico Food Prod. Corp., supra at page 516 of 232 F.2d; National Labor

Relations Board v. Eastern Massachusetts St. Ry. Co., supra at page 705 of 235 F.2d.

In the instant case petitioners professed skepticism at the hearing on whether the charging Union was in compliance with the requirements of the Act at the time that the Board issued the complaint, since the Regional Director of the National Labor Relations Board had withdrawn the original complaint "due to a technical defect in the compliance status" and then reissued an identical complaint. Petitioners' counsel stated that he wished to see the records and determine for himself whether or not the Union was actually in compliance. Counsel for the Board sought to quash the subpoena, stating that the records were available in the Board's Office, that he would submit to the petitioners an affidavit on the compliance data of the Union but that the records were not subject to production and examination as part of the instant proceeding.

In Puerto Rico Food Products Corp., supra, we were concerned with the litigability of the fact of compliance, and we held there that the fact of compliance was litigable in a hearing on unfair labor practices when the compliance status of the Union had been properly challenged. We spoke there of disclosure of the facts as to compliance status, and the close connection of this with the question of the necessity of compliance, a litigable question under National Labor Relations Board v. Highland Park Co., 1951, 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969 and National Labor Relations Board v. Coca-Cola Bot. Co., 1956, 350 U.S. 264, 76 S.Ct. 383, 100 L.Ed. 285.

■ In the instant case the alleged error of the trial examiner was the quashing of the subpoena duces tecum for the Board's compliance records in regard to the Union. The stated purpose of the subpoena was the production of all the records for examination by counsel for the petitioners during the

1. These provisions were repealed by the Labor-Management Reporting and Dis- closure Act of 1959, 73 Stat. 519, but apply to the instant case.

hearing on unfair labor practices, although an offer of an affidavit setting forth the facts of compliance was made to petitioners by counsel for the Board, as well as assurances that the records were open for inspection.

The rule in Puerto Rico Food Products case, supra, that disclosure of the facts of compliance should be made by the Board was adequately met in the instant case by the offers of an affidavit or inspection of the records by counsel. The Puerto Rico Food Products case does not require that the hearing on unfair labor practices be unduly interrupted to allow search of the compliance records. The quashing of a subpoena by the trial examiner does not constitute prejudicial error, when the production and examination of the records on compliance is an interruption of the proceeding on unfair labor practices, and is unwarranted because of the prior offers of disclosure of the compliance facts.

Petitioners, however, insisted on the production of all the compliance records for their examination at the hearing. After this subpoena was quashed, however, they still did not, at least according to the record before us, make any direct challenge to the Board's jurisdiction so as to place on the Board the duty of putting in evidence of compliance by the Union. Nor did they file any exception to the trial examiner's intermediate report based on a lack of evidence of compliance. Since we believe that petitioners were not entitled to the production and examination of the records in the circumstances of the instant case and that the quashing of the subpoena was not prejudicial error, we turn to the merits of the Board's decision and order.

■ The main question raised is whether there is substantial evidence in the record considered as a whole to support the findings of the Board. The Board found (1) that the petitioners were but a single employer; (2) that petitioners discharged the five drivers in violation of Section 8(a) (3) and (1) by its selection for laying off for asserted economic reasons only those five drivers who had refused to repudiate the Union; (3) that petitioners discharged the 92 strikers in violation of Section 8(a) (3) and (1) when it distributed letters to the strikers discharging them unless they returned forthwith to work, put them through normal discharge procedures, and elsewhere referred to them as "discharged;" (4) that by its treatment of strikers later rehired as new probationary employees, petitioners violated Section 8(a) (3) and (1); (5) that the petitioners violated Section 8(a) (1) by the interrogation of striker Rosario by the president of "El Imparcial" and a warning to Rosario about the possible loss of his job. In our opinion there was substantial evidence in the record considered as a whole to support these findings of the Board.

■■ The remaining finding requires independent consideration. The Board found that the conduct of petitioners in regard to the discharge of all the strikers indicated that petitioners had sought to avoid their bargaining obligation by discharging union adherents and destroying the Union's majority status. The Board then concluded that it was necessary in order to remedy the Section 8(a) (3) violation and to effectuate the policies of the Act to order the petitioners to bargain with the Union upon request, after the reinstatement of striker-discriminatees. Petitioners attack this finding and the order. However, we believe that the inference of such purpose is a matter best left to the Board with its vast experience in dealing with labor disputes. Such inferences, if reasonable, are not to be set aside by the court. National Labor Relations Board v. P. R. Mallory & Co., 7 Cir., 1956, 237 F.2d 437; National Labor Relations Board v. Whitin Machine Works, 1 Cir., 1953, 204 F.2d 883. The Board's inference is not unreasonable and the order is appropriate. See Bethlehem Ship Building. Corp. v. National L. R. Board, 1 Cir., 1940, 114 F.2d 930.

A decree will be entered enforcing the order of the Board and dismissing the petition to review and set aside the order.