**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PLANT CITY WELDING AND TANK COMPANY, Respondent.**

**No. 18015.**

United States Court of Appeals Fifth Circuit.

Aug. 25, 1960.

Standau E. Weinbrecht, Atty., Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Granville M. Alley, Jr., Cody Fowler, Paul A. Saad, Tampa, Fla., for respondent.

Before RIVES, Chief Judge, TUTTLE, Circuit Judge, and SIMPSON, District Judge.

PER CURIAM.

In its order of March 22, 1960, 275 F.2d 859, 860, this Court ruled "that Plant City is entitled to have the transcript of the compliance proceedings brought before this Court." On June 3, 1960, the Board made available to Plant City, for the purpose of designation of the record, the original record in the compliance proceedings which, however, contained only one document not previously made available to Plant City; viz., a "Report on Investigation of Compliance Status" consisting of thirty-one typed pages, signed by "David R. Holley, Attorney, National Labor Relations Board Twelfth Region." Plant City has moved the Court to require the Board to comply with the order of March 22, 1960, contending that it is entitled to have brought before this Court the material gathered by the regional attorney in the course of his investigation of the compliance status

and from which he prepared said report. The Board insists that, "That material is not included in the record because it was never reviewed by or available to the Board in the course of the administrative proceedings. The findings of the Board are based upon the report of the administrative investigation and not upon the material collected by the investigating attorney which respondent now seeks to have filed in Court. All matter which was before the Board and considered by it has been included in the transcript of the administrative proceeding certified to the Court."

It would seem that since the Board has not reviewed the sufficiency of the evidence of compliance further than to accept the report of its regional attorney, it would not now be appropriate for this Court to attempt to review the sufficiency. Since, however, as we have said in our original opinion, a review may be had as to the sufficiency of the filings under the appropriate sections, we conclude that the Board should have examined such filings and should have passed upon the question of their sufficiency rather than rely solely on the "report of the administrative investigation."

This becomes more clearly apparent in view of the fact that in a number of instances the investigating officer determined that there was not a technical compliance with the requirements of the Act, but only "substantial" compliance. The correctness of his decision that such substantial compliance may be substituted for exact compliance must necessarily be determined by a consideration of the evidence on which he based his conclusion. Such determination should, of course, first be made by the Board.

It, therefore, becomes necessary, in order that our previous order may be carried out, that the case be remanded to the Board to require it to review the administrative finding to ascertain whether it is adequately supported by the filings made by the complaining union.

The Board is directed to incorporate in the record the material assembled during the investigation and to consider whether such material supports the "report" of the investigating officer.

RIVES, Chief Judge (specially concurring).

I am in agreement with the carefully expressed views of the First Circuit in Editorial "El Imparcial," Inc. v. N. L. R. B., 1960, 278 F.2d 184. The distinction between that case and this is, I think, that in this case the employer did and in that case it did not "make [a] direct challenge to the Board's jurisdiction so as to place on the Board the duty of putting in evidence of compliance by the Union." 278 F.2d at page 187. I concur in the per curiam order to the extent that the sufficiency of the filings pursuant to Sections 9(f) and (g), 29 U.S.C.A. § 159(f, g) should be disclosed in the record certified to this Court.