LOCAL NO. 152, Affiliated With the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

American Compressed Steel Corporation, Intervenor.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

AMERICAN COMPRESSED STEEL CORPORATION, Respondent.

Nos. 18682, 18734.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 4, 1965.

Decided Jan. 28, 1965.

Mr. David S. Barr, Washington, D. C., with whom Messrs. David Previant, Milwaukee, Wis., Herbert S. Thatcher, Washington, D. C., and Robert A. Wilson, Cincinnati, Ohio, were on the brief, for petitioner in No. 18682.

Mr. George B. Driesen, Atty., N. L. R. B., of the bar of the Supreme Court of Connecticut, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Stephen B. Goldberg, Atty., N. L. R. B., were on the brief, for respondent in No. 18682 and petitioner in No. 18734.

Mr. Philip J. Kennedy, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, Cincinnati, Ohio, with whom Mr. Philip J. Kennedy, Jr., Cincinnati, Ohio, was on the brief, for respondent in No. 18734.

Mr. Philip J. Kennedy, Jr., Cincinnati, Ohio, entered an appearance for intervenor in No. 18682.

Before BAZELON, Chief Judge, and FAHY and McGOWAN, Circuit Judges.

FAHY, Circuit Judge:

In No. 18682 the Union petitions this court to review and set aside that part of a decision and order of the Board which dismissed the Board's complaint that the Company, in discharging employee Robert Baker, had violated Sections 8(a)(1) and (3) of the Act. In No. 18734 the Board petitions for enforcement of its decision and order against the Company for violating Section 8(a)(1) and (3) in other respects, and also Section 8(a)(5).

I

As to the discharge of employee Baker, the following appears:

The Board's complaint alleged:

"6. On or about July 23, 1963, the Respondent (the Company) discriminatorily discharged its employee Robert Baker and has since said date refused to reemploy him all because of his sympathies for and activities on behalf of the Union."

The Trial Examiner found, inter alia:

"On the entire record, while my sympathies are with Baker because of his forthright manner and because of his long service, I cannot find that the Company had knowledge of his union activity or that his discharge on July 24 was related thereto. I must therefore recommend dismissal of the complaint as to him."

The context of this finding and recommendation of the Trial Examiner clearly indicates that the "union activity" referred to was the fact that on the evening before his discharge Baker had signed a union card but that the Company had no knowledge of this.

The General Counsel excepted:

"1. To the failure of the Trial Examiner to find, as alleged in Allegation 6 of the Complaint, that the Respondent discharged its employee, Robert Baker, because of his sympathy for and activity on behalf of the Union."

The Board adopted the findings, conclusions and recommendation of the Trial Examiner with respect to Baker.

Thus it is seen that the Board dismissed the complaint based on the discharge of Baker because the evidence did not sufficiently establish that the Company knew Baker had joined the Union. This does not meet the problem, for the issue was not simply whether the company discharged Baker because he had joined the Union. The reason assigned by the Company for the discharge, namely, that Baker had failed

to turn off certain valves on his equipment, thus possibly causing a dangerous loss of gas, may have been supported by evidence that the valves were not in fact turned off. But, assuming such support the question remains whether the reason assigned was the sole reason for Baker's discharge, or whether the Company was motivated even in part by what it thought was Baker's knowledge of and favorable attitude toward the Union. The record is replete with evidence from which it could be concluded that Baker was discharged because the Company believed, or feared, he was sympathetic to the Union, though the Company was without knowledge he had signed a union card the evening before the discharge. The Company's hostility to the Union is clear, as is also its concern about Baker's possible sympathy for the Union. The complaint included this theory that the discharge constituted a violation of the Act.

■ We do not decide, however, that the Board should have found that Baker's discharge was an unfair labor practice. We conclude only that the basis the Board assigned for not so finding does not meet the issue posed by the complaint and by the General Counsel's exception to the Trial Examiner's decision. We accordingly will set aside that part of the order of the Board which dismissed the complaint as to Baker and remand this phase of the case to the Board for its further consideration. See NLRB v. Capital Transit Co., 95 U.S.App.D.C. 310, 313, 221 F.2d 864, 867 (1955).

## II

We agree with the Board in finding that the Company had in numerous respects violated Section 8(a)(1) and (3) of the Act. There is no occasion to go into the details for there is no present dispute regarding these findings. The dispute of the Company with the order of the Board is that it requires the Company to cease and desist from refusing to bargain with the Union as the representative of the employees in the unit described in the order, and in ordering the Company upon request to bargain collectively with the Union as the bargaining representative of the employees. The Company's position is that when it refused to bargain the Union did not represent a majority of the employees in the unit later found to be appropriate and, therefore, it did not violate Section 8(a)(5) of the Act.

■ The provision of the order requiring the Company in the future, upon request, to bargain with the Union, does not depend for its validity upon a prior violation of Section 8(a)(5), for the Union did obtain majority status and such an order is appropriate to remedy the 8(a)(1) and (3) unfair labor practices clearly established. See Piasecki Aircraft Corp. v. NLRB, 280 F.2d 575, 591–592 (3d Cir. 1960), cert. denied, 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961); Editorial "El Imparcial," Inc. v. NLRB, 278 F.2d 184, 187 (1st Cir. 1960).

As to that part of the order of the Board which requires the Company to cease and desist from refusing to bargain with the Union, implying a previous violation of 8(a)(5), the Company contends that justification therefor must be found in such a previous violation. The facts are that on April 18, 1963, the Union, then representing 26 employees, believed it represented a majority in an appropriate bargaining unit. It requested recognition. The Company responded that it was not interested in talking to the Union, but in no manner disputed the Union's representative capacity. The Union thereupon sent a registered letter to the Company repeating its demand, which was ignored. A few days thereafter the Union petitioned the Board for an election. By April 25 it had obtained 31 cards authorizing it to represent that number of employees. In the representation proceeding the Board's Regional Director determined that the appropriate bargaining unit included 60 or 61 employees, so that on April 18 when the Union represented only 26 employees, it did not represent a majority in the unit, a status it reached only on April 25.

In the above circumstances the Board is entitled to enforcement of its order that the Company cease and desist refusing to bargain with the Union. The Board was justified in construing the Union's conduct described above as a continuing demand for recognition in circumstances where a formal demand in light of the Company's prior peremptory refusal would have been useless. An employer violates Section 8(a)(5) when, as here, it rejects a Union's bargaining request, made in the honest but mistaken belief that a majority has been obtained, without questioning the Union's representative status, and the Union does obtain a majority shortly after such request. The facts warrant a finding that the Union's demand for recognition continued to April 25. The matter is expressed in a convincing manner in the decision of the Trial Examiner as follows:

"The Company's refusal to bargain, however, was not based on the fact that the Union held only 26 cards on April 18, but rather on an outright rejection of the Union's request without regard to the number of cards held. In the light of this refusal it would have been futile for the Union formally to renew its request after April 25. Cf. N.L.R.B. v. Burton-Dixie Corp., 210 F.2d 199, 200, 201 (C.A. 10), where the union lacked a majority at the time it requested recognition, but where the request was understood to be of a continuing character. In *Burton-Dixie*, as here, the employer's attitude made it quite clear that a later request would have been futile, and the court's holding there that the Board properly found a refusal to bargain suggests the propriety of a similar holding here. See also Scobell Chemical Co. v. N.L.R.B., 267 F.2d 922, 925 (C.A.2), where the court, assuming that the union lacked a majority at the time of its bargaining request, found that it had such a majority the next day, and held that in the light of the strike and picketing which there ensued, the union's request for bargaining must be deemed a continuing request. The instant case is like *Scobell* except that here, instead of striking and picketing, the Union pursued its bargaining request through a petition for certification, until the Company's unfair labor practices rendered the election route impassable. Surely the Union here should not be in a worse position than the union in *Scobell* for having followed peaceful procedures in pressing its continuing demand. I find, therefore, that the Company's refusal to recognize the Union after April 25 violated Section 8(a)(5) and (1) of the Act."

The order of the Board insofar as it dismissed the complaint regarding the discharge of Baker is set aside and this aspect of the case is remanded for reconsideration by the Board in light of this opinion, with leave to receive additional evidence if so advised. In all other respects the order of the Board will be enforced.

It is so ordered.