## NATIONAL LABOR RELATIONS BOARD v. KOBRITZ.

### No. 4581.

United States Court of Appeals
First Circuit.

Jan. 16, 1953.

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, and Arnold Ordman and Ruth V. Reel, all of Washington, D. C., on brief, for petitioner.

Benjamin E. Gordon and Maurice Epstein, both of Boston, Mass., on brief, for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

On December 17, 1951, this court issued its decree enforcing an order of the National Labor Relations Board requiring respondent Kobritz to cease and desist from various unfair labor practices and to take certain affirmative action, including reinstatement of discharged employees with back pay. 193 F.2d 8. So far as appears, respondent has complied with the decree, except that the back pay has not yet been paid, the amount due being subject to determination in a supplemental administrative hearing now in progress before the Board. Of course our decree is still outstanding and operative as an injunction.

Now, one year after the entry of our decree, respondent has petitioned us to vacate it on the technical ground, here for the first time raised, that the union happened to be temporarily out of compliance with the filing requirements of § 9(f), (g) and (h) of the National Labor Relations Act, as amended, 61 Stat. 145, 29 U.S.C.A. § 159 (f–h), on January 16, 1950, the day the Board issued its complaint against respondent. This information was obtained by respondent by the simple expedient of addressing an inquiry to the Board's Regional Director at Boston on September 17, 1952, to which the Regional Director responded fully two days later. Respondent offers no excuse for his failure to obtain this information earlier and to call it to our attention when the Board's petition for enforcement of its order was pending before us. See N. L. R. B. v. Greensboro Coca Cola Bottling Co., 4 Cir., 1950, 180 F.2d 840, 844–45, footnote 1. Indeed, so far as appears, respondent could have obtained this information and raised the objection while the administrative proceeding was pending before the Board, in which case the Board could have remedied the defect by vacating the complaint issued January 16, 1950, and issuing a new complaint after the union got back into compliance again. The Board readily concedes that the issuance of the original complaint was in error (due to inadvertence and oversight), in view of the mandatory provisions of § 9(f), (g) and (h) of the Act, as amended, and of the Board's procedural regulations issued in conformity thereto (13 F.R. 4871).

From the information furnished by the Regional Director, it appears that Local 385, Amalgamated Meat Cutters and Butcher Workmen, AFL, was in compliance with the filing requirements at the time when it filed the charge and subsequent amended charges. Indeed, it was in compliance at all relevant stages of the proceeding except on January 16, 1950, when the complaint was issued. We are informed by the Board that it not infrequently happens that a union completely above suspicion of Communist domination may fall temporarily out of compliance where, for example, a union officer dies or goes out of office and a brief delay occurs before his successor files the necessary affidavit. In the instant case, during a period of over two years the union lapsed from compliance on four occasions which in the aggregate totaled 33 days.

If respondent had offered this objection when the Board's petition for enforcement was pending before us, we might perhaps have withheld entry of an enforcement decree, though even there we would have had to consider the applicability of the pro-

158

vision of § 10(e) of the Act, 61 Stat. 148: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." Cf. N. L. R. B. v. Auburn Curtain Co., Inc., 1 Cir., 1951, 193 F.2d 826. However that might be, the objection now sought to be raised in this belated manner does not go to the jurisdiction of this court under § 10(e) of the Act to enter its enforcement decree of December 17, 1951. It is plain from a reading of the filing requirements of § 9(f), (g) and (h) of the Act that they do not affect the jurisdiction of the enforcing court. See N. L. R. B. v. Swift Mfg. Co., 5 Cir., 1951, 192 F.2d 496. We had jurisdiction all right, and our decree is not void. The objection is a wholly technical one having no substantive implications, and we perceive no equitable reason why we should at this late date grant respondent's petition to vacate our decree. Therefore, in the absence of an unambiguous statutory mandate on this point, we decline to set the decree aside. N. L. R. B. v. Swift Mfg. Co., supra. We think that that case is on all fours with the present one and that it cannot be distinguished on the ground suggested by respondent that the issue there had become moot upon respondent's full compliance with the decree, for the decree remained outstanding as a continuing injunction. Cf. also United States v. L. A. Tucker Truck Lines, Inc., 1952, 344 U.S. 33, 73 S.Ct. 67.

Respondent's petition to vacate our decree of December 17, 1951, is denied.