## NATIONAL LABOR RELATIONS BOARD v. ROZELLE SHOE CORP.

### No. 4714.

United States Court of Appeals
First Circuit.

June 29, 1953.

Nancy M. Sherman, Attorney, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General

Counsel, and Fannie M. Boyls, Attorney, Washington, D. C., on brief), for petitioner.

James D. Hughes, Boston, Mass. (Vernon C. Stoneman and Louis Chandler, Boston, Mass., on brief), for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

Two questions are presented by this petition for enforcement of an order of the National Labor Relations Board which directed the respondent to cease and desist from certain unfair labor practices in violation of § 8(a)(1) and (3) of the Labor Management Relations Act, 1947, 61 Stat. 136, 140-41, 29 U.S.C.A. § 141 et seq., and to take certain affirmative remedial action which the Board found appropriate to correct the unfair labor practices with which it found the respondent chargeable. The first question is whether it is essential to the Board's jurisdiction for it to establish as part of its case that the charging labor organization was at the times relevant to the proceeding in compliance with § 9 (f), (g) and (h) of the Act. The second question is whether the Board's findings of fact are supported by substantial evidence on the record considered as a whole.

It is not altogether clear that the first question is properly before us. Counsel for the respondent raised it at the outset of the hearing before the trial examiner, who ruled that the Board was not required to allege and prove that the charging labor organization was in compliance with § 9(f), (g) and (h) on the date the complaint was issued, and that compliance with those provisions was not a jurisdictional prerequisite. But counsel for the respondent did not mention the matter of compliance among the objections to the trial examiner's intermediate report which he made to the Board in the form of a bill of exceptions, and the three-member panel of the Board which reviewed the rulings made by the trial examiner at the hearing affirmed his rulings without commenting upon any one of them specifically, but only with the blanket statement that it found no prejudicial error therein. Thus a question arises as to the applicability of the provision of § 10(e) of the Act that: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." See N. L. R. B. v. Kobritz, 1 Cir., 1953, 201 F.2d 156, 157–158.

Moreover, following a suggestion made by this court at oral argument, counsel for the Board filed a certificate of compliance status, signed and sworn to by the Acting Chief, Affidavit and Compliance Branch, Division of Policies and Appeals, attesting the fact that both the charging labor organization and its parent federation were in full compliance with § 9(f), (g) and (h) of the Act on July 3, 1951, when the complaint in this proceeding was issued.

 This certificate removes any possible doubt in our minds as to the propriety of the Board's unfair labor practice proceeding, and if we accept it as part of our record the question of compliance becomes moot. We are not, however, aware of any direct judicial precedent or statutory authority for filing such a certificate. Nevertheless, we think we can and should receive it as a supplement to the administrative record, even at this stage of the proceeding, either in the informal exercise of our power under § 10(e) of the Act to order the Board to take additional evidence and make it part of the transcript, or else in the exercise of our general power as a court to invent a new and useful procedure appropriate to serve the ends of justice, analogous to the procedure available to us under Title 28 U.S.C. § 1653 when the jurisdiction of a district court does not sufficiently appear in the record on appeal.

 We think it desirable, however, to indicate, even though only by dictum, that we consider the certificate unnecessary for the reason that we find no support for

the respondent's contention in anything said by the Supreme Court in either N. L. R. B. v. Highland Park Mfg. Co., 1951, 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969 or N. L. R. B. v. Dant, 1953, 344 U.S. 375, 73 S.Ct. 375, and that we are wholly in agreement with, and have nothing to add to, the cases in other circuits wherein the respondent's contention was considered only to be rejected. N. L. R. B. v. Greensboro Coca-Cola Bottling Co., 4 Cir., 1950, 180 F.2d 840, 844 et seq.; N. L. R. B. v. Red Rock Co., 5 Cir., 187 F.2d 76, 78, certiorari denied, 1951, 341 U.S. 950, 71 S.Ct. 1017, 95 L.Ed. 1373; N. L. R. B. v. Wiltse, 6 Cir., 188 F.2d 917, 920 et seq., certiorari denied sub nom. Ann Arbor Press, Inc., v. N. L. R. B., 1951, 342 U.S. 859, 72 S.Ct. 87, 96 L.Ed. 647; N. L. R. B v. Vulcan Forging Co., 6 Cir., 1951, 188 F.2d 927, 929–930; Law v. N. L. R. B., 10 Cir., 1951, 192 F.2d 236, 239; N. L. R. B. v. Michalik, 6 Cir., 1952, 201 F.2d 48, 49.

The respondent's second contention does not in our opinion call for detailed analysis of the evidence or of the findings made thereon by the Board. It will suffice for us to say that a careful examination of the record as a whole discloses that the findings of the Board with respect to questions of fact are supported by substantial evidence, and to add that the respondent's further contention that the trial examiner and the Board did not weigh conflicting evidence, but instead took the easy way out of labelling the respondent's evidence unreliable and rejecting it wholesale, is not supported by the record. In some instances the trial examiner, and the Board also, accepted the respondent's evidence. In other instances, it is true, the trial examiner and the Board did label the respondent's evidence unreliable and for that reason not worthy of belief. But in those instances the record indicates clear support for such action. It seems to us from an examination of the entire record that the respondent in fact had a fair hearing.

A decree will be entered enforcing the order of the Board.