NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

Frederick O. GLASS, Joseph E. Glass,
Maurice Glass and Roswell C. Glass,
d/b/a Miller Road Dairy, Respondents.

No. 15023.

United States Court of Appeals
Sixth Circuit.

May 28, 1963.

Ira M. Lechner, N. L. R. B., Washington, D. C., Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Marion Griffin, Attorney, N. L. R. B., Washington, D. C., on brief, for petitioner.

J. Mack Swigert, 'Cincinnati, Ohio, Frank H. Stewart, Cincinnati, Ohio, on brief, for respondent.

Before MILLER and O'SULLIVAN, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This cause comes before the Court on the petition of the National Labor Relations Board seeking enforcement of its order directing respondents to cease and desist from engaging in certain unfair labor practices and to offer reinstatement. with back pay to five of its former employees. Except as to one of the discharged employees, respondents do not. resist enforcement of the Board's order. With regard to that employee, respondents have filed a motion in this Court, supported by affidavit, for leave to adduce additional evidence before the Board concerning his discharge. It is. claimed by respondents that such employee was guilty of embezzling funds. belonging to the company and that he was discharged for that reason. The Board does not deny that this employee was an embezzler, but opposes the motion on a technical point that the proper time for this Court to act on the matter is after the respondents refuse to com-

ply with the Board's order and contempt proceedings are brought against them. Except for the urging of this procedural nicety, no good reason is advanced by the Board why we should not act now rather than later.

At the time of the hearing, respondents attempted to present the evidence concerning the embezzlement. Rulings of the trial examiner, indicating his view that the evidence was not admissible, dissuaded respondent's then counsel from pursuing the matter. No exceptions were taken to the examiner's rulings in this regard before the Board.

 Under Section 10(e) of the Act, 29 U.S.C.A. § 160(e), we have the power to remand a case to the Board for the taking of further proofs. Our power in this respect is discretionary, N. L. R. B. v. National Garment Co., 166 F.2d 233, 238 (C.A.8, 1948), cert. denied, 334 U.S. 845, 68 S.Ct. 1513, 92 L.Ed. 1768, and we may exercise it even though objections to the Board's order were not properly made. N. L. R. B. v. Cambria Clay Prod. Co., 215 F.2d 48, 53 (C.A.6, 1954). Under "extraordinary circumstances" we may remand a case to the Board even though no exceptions were taken to the Intermediate Report. N. L. R. B. v. Pugh & Barr, Inc., 194 F.2d 217, 220–221 (C.A.4, 1952); N. L. R. B. v. Rozelle Shoe Corp., 205 F.2d 447, 448 (C.A.1, 1953). See also, N. L. R. B. v. Coca-Cola Bottling Co., 219 F.2d 441 (C.A.6, 1955) affirmed 350 U.S. 264, 76 S.Ct. 383, 100 L.Ed. 285; N. L. R. B. v. Ridge Tool Co., 151 F.2d 947, 948 (C.A.6, 1945). Cf., N. L. R. B. v. Jones & Laughlin Steel Co., 331 U.S. 416, 428, 67 S.Ct. 1274, 91 L. Ed. 1575.

 Under the circumstances presented here, no good purpose would be served by delaying a remand for the taking of further evidence. Accordingly, we remand the case, as to employee Kilbourne, to the Board for the taking of further proofs concerning his discharge, and the making of relevant findings. In all other respects, the order of the Board is decreed enforced.