UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, WASHINGTON, D.C., Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent,

American Federation of Government Employees, AFL–CIO, Intervenor.

No. 91–1166.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 16, 1992.

Decided May 19, 1992.

Alfred Mollin, with whom Stuart M. Gerson, Asst. Atty. Gen., and William Kanter, Dept. of Justice, Washington, D.C., were on the brief, for petitioner.

Frederick M. Herrera, with whom William E. Persina, Sol., William R. Tobey, Deputy Sol., and Arthur A. Horowitz, Associate Sol., Federal Labor Relations Authority, Washington, D.C., were on the brief, for respondent. Jill A. Griffin, Federal Labor Relations Authority, Washington, D.C., also entered an appearance for respondent.

Mark D. Roth, Charles A. Hobbie and Alexia McCaskill, Washington, D.C., were on the brief, for intervenor.

Before BUCKLEY, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

The Department of Housing and Urban Development (HUD) challenges a decision by the Federal Labor Relations Authority (FLRA or Authority) declaring negotiable a collective bargaining agreement provision proposed by the American Federation of Government Employees National Council of HUD Locals (Union). HUD argues that the provision in question is inconsistent with existing law and is therefore nonnegotiable. The Authority has filed a cross-appeal seeking enforcement of its order. Because HUD's claim rests on an argument which is raised for the first time on appeal, we deny the petition for review and grant the cross-application for enforcement.

## I

Under the Federal Service Labor–Management Relations Act, 5 U.S.C. §§ 7101 *et seq.*, if a union is the recognized exclusive representative of a federal agency's employees, the agency must negotiate with that union over the employees' condi-

tions of employment, *id.* §§ 7114, 7117. After an agreement is reached between the union and the agency's bargaining representatives, the agreement is submitted to the agency head for approval. *Id.* § 7114(c)(1). The agency head must approve the agreement if it "is in accordance with the provisions of this chapter and any other applicable law." *Id.* § 7114(c)(2). Provisions of such agreements must not be "inconsistent with any Federal law or any Government-wide rule or regulation." *Id.* § 7117(a).

This case involves a collective bargaining agreement reached between the Union and HUD negotiators. When the agreement was submitted to the HUD Secretary, he objected to four provisions of the agreement as being inconsistent with existing law and therefore nonnegotiable. The Union appealed the negotiability of three of these provisions to the FLRA. The FLRA found all three negotiable. The Secretary has appealed the negotiability of only one of the provisions.

The provision at issue states: "[A]lthough not covered by Federal statute or EEOC regulation, Management and Union agree that no discrimination will be tolerated on the basis of sexual preference and/or orientation." In arguing this provision before the FLRA, the Secretary concluded that because Congress specifically protects federal employees from several specific types of discrimination in the 1972 amendments to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e–16, and because Title VII does *not* cover sexual orientation, the provision is inconsistent with existing federal law.[1] The FLRA, however, concluded that there is no such inconsistency. *American Fed'n of Gov't Employees Nat'l Council of HUD Locals & United States Dep't of Hous. & Urban Dev., Washington, D.C.,* 39 F.L.R.A. 396, 400 (1991). The fact that an agency is not *required* by law to refrain from discrimination based on sexual orientation, it reasoned, does not mean that the agency cannot *agree* to refrain from such discrimination. *Id.*

---

1. HUD does not make this argument before this court.

In its brief to this court, HUD asserts an entirely new argument which it concedes it did not raise below. *See* HUD Brief at 17. HUD points out that the Civil Service Reform Act of 1978, 5 U.S.C. §§ 2301 *et seq.* (CSRA), prohibits a federal agency from discriminating against a nonprobationary employee on the basis of "conduct which does not adversely affect the performance of the employee or applicant or the performance of others." *See* 5 U.S.C. § 2302(b)(10). If this provision is violated, a nonprobationary employee may seek review by the Merit Systems Protection Board (MSPB) with further review available by the United States Court of Appeals for the Federal Circuit. 5 U.S.C. §§ 4303(e), 7703(b)(1). HUD claims, however, that a *probationary* employee has a right to MSPB review of section 2302(b)(10) violations only to the extent that his complaints concern political affiliation or marital status. *See generally* 5 C.F.R. § 315.-806. HUD argues that a probationary employee receives fewer CSRA protections than a nonprobationary employee because Congress intended to grant agencies the right "summarily to terminate" probationary employees. *See United States Dep't of Justice v. FLRA,* 709 F.2d 724, 729 (D.C.Cir.1983). Because the collective bargaining agreement would grant a grievance procedure to probationary employees alleging discrimination on the basis of sexual orientation, HUD now argues that the sexual orientation provision is inconsistent with federal law.

## II

■ Section 7123(c) of the CSRA provides: "No objection that has not been urged before the Authority, or its designee, shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances." 5 U.S.C. § 7123(c). HUD claims that this case involves such extraordinary circumstances. Specifically, HUD argues that the FLRA's ruling would circumvent this court's holding in *DOJ v. FLRA, supra,* by allowing probationary employees some of the same protections available to non-probationary employees. Moreover,

HUD claims that, because probationary employees have no right to appeal to the MSPB and, eventually, to the Federal Circuit but instead must appeal the decisions of grievance arbitrators to the FLRA, probationary employees might receive different, and perhaps greater, protection in this area from that afforded nonprobationary employees. The congressional preference for nonprobationary employees would thereby be undermined.

We fail to find extraordinary circumstances excusing HUD's failure to raise its new argument before the FLRA and we therefore decline to review it here. Our conclusion is supported by the Supreme Court's holding in *EEOC v. FLRA,* 476 U.S. 19, 106 S.Ct. 1678, 90 L.Ed.2d 19 (1986). In that case, the EEOC objected to a proposed collective bargaining agreement that would have required it to comply with certain directives contained in an Office of Management and Budget (OMB) circular when making decisions regarding "contracting out." *Id.* at 20. In arguing the case before the FLRA, the EEOC referenced the management rights clause of the CSRA which states: "[N]othing in [Title VII] shall affect the authority of any management official of any agency—... in accordance with applicable laws—... to make determinations with respect to contracting out." *Id.* at 21 (citing 5 U.S.C. § 7106(a)(2)(B)). The EEOC claimed that the union's proposal would therefore invade the agency's statutory rights. *Id.* The FLRA found in favor of negotiability on the ground that the proposal merely required the EEOC to follow "applicable laws," something it was bound to do in any event. *Id.* This court affirmed the FLRA. *EEOC v. FLRA,* 744 F.2d 842 (D.C.Cir. 1984). When the case reached the Supreme Court, the EEOC argued for the first time that the circular did not constitute an "applicable law." *EEOC v. FLRA,* 476 U.S. at 22, 106 S.Ct. at 1680. The Court succinctly held: "Since the EEOC has failed to excuse its failure to raise before the FLRA what now appear to be its principal objections to [the union's] proposal, we decline to consider them." *Id.* at 24,

106 S.Ct. at 1681. We note that the Court so held despite the fact that, had EEOC's contentions been correct, the FLRA decision would have undercut congressional policy. Our own cases have reached a similar result. *See, e.g., United States Office of Personnel Management v. FLRA*, 905 F.2d 430 (D.C.Cir.1990) (OPM's claim that it could not challenge Authority's reliance on "vitally affects" test before Authority rendered its initial decision did not excuse failure to challenge test before Authority either in first instance or on reconsideration); *Defense Logistics Council of Am. Fed'n of Gov't Employees Locals v. FLRA*, 810 F.2d 234 (D.C.Cir.1987) (union's statutory challenge to negotiability of Defense Logistics Council's directive not considered because not raised before Authority).[2]

In support of its theory that its circumstances constitute "extraordinary circumstances," HUD cites *NLRB v. Blake Construction Co.*, 663 F.2d 272 (D.C.Cir.1981).[3] HUD quotes a segment of a footnote in that case stating: "While deference is certainly due the laudatory objective of [giving] the Board the first opportunity to resolve 'on the merits' questions urged on review of its orders … courts are and should be reluctant to enforce orders that emanate from proceedings conducted contrary to the clear requirements of the Ad-

ministrative Procedure Act … unless there has been a deliberate bypass of the Board's rules." *Id.* at 284 n. 34. This footnote, however, involves the court's ability to review National Labor Relations Board (and FLRA) actions that lacked procedural fairness in such a way that a litigant was unable to raise a particular argument before the relevant body. *Id.* Because HUD had every opportunity to raise its probationary employee arguments before the FLRA and simply failed to do so, the cited language from *Blake Construction* does not apply.

■ HUD also claims that we are not barred from reviewing its new argument because this argument and the argument it raised before the Authority are merely "variations on the same theme." HUD cites *International Ladies' Garment Workers' Union v. NLRB*, 339 F.2d 116 (2d Cir.1964), for the proposition that an argument not presented before the Authority is reviewable where "[t]he issue is not dissimilar to the [previously asserted] argument, it presents essentially a legal question, all the necessary information is before this Court *and the Board's position is known.*" *Id.* at 121 n. 1 (emphasis added). We do not believe that the argument HUD presented before the Authority is similar to the one it urges on appeal.[4] Even if we

---

**2.** In *Department of Treasury v. FLRA*, 707 F.2d 574 (D.C.Cir.1983) (*Treasury I*), this court found extraordinary circumstances excusing Treasury's failure to raise an argument before the Authority where, pending appeal, the FLRA issued an inconsistent order in another case. The court emphasized, however, that its concern related solely to "the evenhanded declaration and application of the law by an administrative authority." *Id.* at 581 n. 25. Thus, the court noted that an intervening *judicial decision* would *not* constitute an extraordinary circumstance. *Id.* (citing *Szewczuga v. NLRB*, 686 F.2d 962, 971–72 (D.C.Cir.1982), *cert. denied*, 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 363 (1983)). Moreover, instead of reviewing the case on the merits, the court remanded to the FLRA to harmonize its policy. *Id.* at 581. Here, the Authority has not demonstrated any internal inconsistency.

HUD also relies on *HHS v. FLRA*, 844 F.2d 1087 (4th Cir.1988), a case in which the Fourth Circuit reviewed an argument not raised before the Authority. That case also involved the question whether OMB Circular A–76 is an "applicable law" under the CSRA. Because *EEOC v.*

*FLRA* had not yet been decided, HHS failed to raise the issue before the FLRA. *Id.* at 1095 n. 1. After *EEOC v. FLRA* was decided, HHS petitioned for reconsideration. *Id.* The Authority dismissed the petition as untimely. *Id.* Because the Authority was aware that the Supreme Court was awaiting its view, and because the Authority was able to waive its rule barring untimely filings, the Fourth Circuit decided to review the case in lieu of allowing the Authority "willfully to avoid an opportunity to address this issue." *Id.* There is no evidence of any evasive action by the FLRA in this case.

**3.** *Blake Construction* construed section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e). The provision is analogous to section 7123 and the Supreme Court has therefore concluded that precedent regarding one may be applied to the other. *See EEOC v. FLRA*, 476 U.S. 19, 23, 106 S.Ct. 1678, 1680, 90 L.Ed.2d 19 (1986).

**4.** HUD claims that both arguments assert that the Union's proposal "is inconsistent with the

assumed that they are similar, however, the Authority's position on the newly raised issue is *not* known.

■ HUD's last argument is that this case presents an extraordinary circumstance because the FLRA's decision is "flatly inconsistent" with our decision in *DOJ v. FLRA.* Reply Brief at 4. There are at least two problems with this position. The first is that, because statutes must apply with at least the same force as our decisions interpreting them, HUD's exception would have to apply equally to any FLRA decision "flatly inconsistent" with a statute. So large an exception would leave little of the rule. More fundamentally, HUD's "flatly inconsistent" argument would require us to consider the merits of an argument in order to determine whether the statute prevented us from considering the merits of the argument. This we decline to do.

Finally, we note that a holding contrary to the one we reach today would frustrate congressional intent. Section 7123 was designed to ensure that the Authority's expertise be used to dispose of all arguments relating to cases within its jurisdiction. *See EEOC v. FLRA,* 476 U.S. at 23, 106 S.Ct. at 1680. An agency's legal strategy or, arguably, deficient lawyering by agency counsel cannot provide a waiver from this clear congressional directive. In essence, HUD asks us to review the merits of an argument that it failed to raise before the Authority merely because, were we to do so, HUD might prevail. This argument is without merit.[5]

For the foregoing reasons, the petition for review is denied and the order of the FLRA is enforced.

*So ordered.*

anti-discrimination laws that govern the federal workplace." HUD Brief at 21. This description is too vague to support a claim that the arguments are "variations on the same theme."

5. HUD argues that if its new claim is unreviewable, we should remand the case to the FLRA. In support of this argument, HUD relies on

*NLRB v. Glass,* 317 F.2d 726 (6th Cir.1963). There, the Sixth Circuit remanded a case to the NLRB so that additional evidence could be adduced. But *Glass* involved a provision of section 10(e) specifically setting forth rules for adducing additional evidence and is therefore inapposite.